Roy E. WINEGARDNER, dba Anchorage
Motel Company, Petitioner,

v.

GREATER ANCHORAGE AREA BOROUGH
and its BOARD OF EQUALIZA-
TION, Respondent.

No. 2086.

Supreme Court of Alaska.

March 26, 1975.

As Corrected on Rehearing
May 13, 1975.

Karl L. Walter, Jr., of Groh, Benkut, and Walter, Anchorage, for petitioner.

Gary Thurlow, Borough Atty., Lee S. Glass, Asst. Borough Atty., Anchorage, for respondent.

Fred J. Baxter, Juneau, for amicus curiae.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

## OPINION

ERWIN, Justice.

This involves a petition by a taxpayer for review of an order of the superior court regarding an assessment by the Greater Anchorage Area Borough. Roy E. Winegardner, who owns and operates the Holiday Inn in Anchorage, appealed his 1973 real property tax assessment to the Greater Anchorage Area Borough Assembly, sitting as the Board of Equalization.[1] After hearings at which he was represented by counsel, the Board granted Winegardner a slight adjustment to his assessment, but denied him the greater reduction he sought.

Winegardner then appealed the Board's action to the superior court and invoked AS 29.53.140(f),[2] demanding trial de novo and trial by jury to determine the correct valuation of his property. The superior court declined to undertake de novo review or allow trial by jury, stating:

> Since this case involves issues contemplated by Appellate Rule 45, as an Administrative Appeal, trial de novo is not permitted.[3]

Winegardner's petition to this court for review of the superior court's ruling was granted on April 16, 1974.

In this petition Winegardner bases his demand for de novo jury review on several grounds. He argues that trial by jury is guaranteed in a tax assessment appeal by sections 1 and 16 of article I of the Alaska Constitution and by the fourteenth

---

1. AS 29.53.130–29.53.135 provide in part:
 29.53.130. *Appeal.* (a) A person whose name appears on the assessment roll or his agent or assigns may appeal to the board of equalization for relief from an alleged error in valuation not adjusted by the assessor to the taxpayer's satisfaction.
 29.53.135. *Board of equalization.* The assembly sits as a board of equalization for the purpose of hearing any appeal from determinations of the borough assessor, or it may delegate this authority to a board appointed by it for that purpose. The board of equalization shall consist of at least that number of members of the assembly over and above the number required for a quorum to transact business. The board is governed in its proceedings by such procedures consistent with general rules of administrative law and the laws governing equalization proceedings as may be adopted by ordinance, including but not limited to quorum and voting requirements. The assembly shall by ordinance adopt rules for the membership and conduct of the board.

2. AS 29.53.140(f) states:
 An appellant may appeal [a determination by a board of equalization] to the superior court for, and is entitled to, trial de novo of the board's action. Either party to the appeal may demand a jury trial.

3. Alaska R.App.P. 45 provides:
 *Appeals to Superior Court From District Court and From Administrative Agencies.*

(a) *When Taken.* (1) The time within which an appeal may be taken to the superior court from the district court shall be 30 days from the entry of the judgment appealed from. The running of the time for appeal shall be the same as set forth in Appellate Rule 7(a).
 (2) The time within which an appeal may be taken to the superior court from an administrative agency shall be 30 days from the date that the order appealed from is mailed or delivered to the appellant. If a request for agency reconsideration is timely filed before the agency, the notice of appeal must be filed within 30 days after the agency's reconsideration decision.

. . . . .

(e) *Preparation of Record.* The record on appeal shall be prepared in conformity with Appellate Rule 9, unless otherwise ordered at a prehearing conference, with the following exceptions:

. . . . .

(2) The administrative agency shall prepare the record on appeal in the case of appeal of an administrative decision. All reasonable costs incurred in connection with preparing the record on appeal shall be borne by the appellant; in the instance of a cross-appeal, the costs may be apportioned. The preparing agency may require in advance the costs as reasonably estimated by the agency.

amendment to the United States Constitution. Section 16 of article I of the Alaska Constitution preserves a right to jury trial "[i]n civil cases where the amount in controversy exceeds two hundred fifty dollars . . . to the same extent as it existed at common law." Proceedings to levy and collect taxes are not suits at common law.[4] The similar language of the seventh amendment to the United States Constitution [5] has been held not to apply to tax matters,[6] and numerous cases hold that there is no constitutional right to a trial by jury to determine proper assessments.[7] We share these views.

■ Winegardner also argues that Appellate Rule 45, which limits appeals from administrative decisions to review on the record, does not apply because the Board of Equalization is not an administrative agency.

> Once a complaint has been filed in the Superior Court, the action of the Board no longer has any effect, hearings before the Board become irrelevant, and the decision of the jury supersedes any such action. Since the Board is no longer carrying out a delegated function of the State of Alaska in the assessment process, how can it be an administrative agency when its function ceases to exist upon the appeal?

The contention seems to be that the Board cannot be an administrative agency because its decisions are subject to judicial review under AS 29.53.140(f). This ignores not only the requirements of judicial review of administrative decisions [8] but also Keiner v. City of Anchorage, 378 P.2d 406, 410 (Alaska 1963), where we held that the term "administrative agency" in AS 22.10.020(a), which sets out the jurisdiction of the superior court, encompassed acts of a city council sitting as a board of adjustment on appeal from an order requiring removal of a building as a health and fire hazard:

> There is nothing in the wording of the statute, or in its legislative history, which persuades us to adopt [an interpretation that the term "administrative agency" as used in AS 22.10.020(a) refers only to agencies created by the state legislature]. We conclude that the term "administrative agency" should be construed broadly so as to include a municipal council, acting as a board of adjustment, since it is in fact performing administrative functions.

Although the statute involved in this appeal is not AS 22.10.020(a), the Board of Equalization performs a function perfectly analogous to the board of adjustment in *Keiner*. Instead of passing on general policy or the rights of individuals in the abstract, as legislative bodies, both Boards apply policy in the form of ordinances to particular persons in their individual capacities.[9] Even the statute prescribing the procedure to be used by the Board of

---

4. *E. g.*, Sonleitner v. Superior Court, 158 Cal. App.2d 258, 322 P.2d 496, 497 (1958) (and cases cited therein). *See* 1 K. Davis, Administrative Law Treatise § 8.16, at 594 (1958); Note, Application of Constitutional Guarantees of Jury Trial to the Administrative Process, 56 Harv.L.Rev. 282, 283–84 (1942).

5. U.S.Const. Amend. VII states in part: Trial by jury *in civil cases*. In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . .

6. Wickwire v. Reinecke, 275 U.S. 101, 105–06, 48 S.Ct. 43, 44, 72 L.Ed. 184, 186 (1927); Olshausen v. C.I.R., 273 F.2d 23, 27–28 (9th Cir. 1959).

7. *E. g.*, Unemployment Comp. Comm'n v. J. M. Willis Barber & Beauty Shop, 219 N.C. 709, 15 S.E.2d 4 (1941); Hoffman v. Dept. of Finance, 374 Ill. 494, 30 N.E.2d 34 (1940); Johnston v. State, 212 Ind. 375, 8 N.E.2d 590, 10 N.E.2d 40 (1937); Thomas Forman Co. v. Owsley County Bd. of Sup'rs, 267 Ky. 224, 101 S.W.2d 939 (1937).

8. *E. g.*, K & L Distributors, Inc. v. Murkowski, 486 P.2d 351, 357 (Alaska 1971); Alyeska Ski Corp. v. Holdsworth, 426 P.2d 1006, 1012 (Alaska 1967).

9. *See* 1 K. Davis, Administrative Law Treatise § 5.01, at 285–87 (1958).

Equalization recognizes its administrative character:

> The board is governed in its proceedings by such procedures consistent with general rules of administrative law and the laws governing equalization proceedings as may be adopted by ordinance . . . .[10]

There is simply no argument of substance that the Board of Equalization is not an administrative agency within the meaning of Appellate Rule 45.

Winegardner also argues that Rule 45 does not regulate his action in the superior court because judicial review of the Board of Equalization is an original proceeding not an appeal. Appellate Rule 45, he contends, applies to appeals from administrative decisions but not original proceedings which seek to set such decisions aside.

■ AS 29.53.140(f) speaks of an "appeal to the superior court" and gives no indication that this proceeding, even though authorized as de novo and by jury, constitutes a new proceeding. Winegardner's argument seems to be that because a jury on appeal may act independently of the record created by the Board of Equalization, the proceeding must be regarded as a new civil action and Appellate Rule 45 cannot apply. We see no reason to make such a distinction. De novo jury trial does expand judicial review beyond the limited scope associated with a classic appeal; and because, as we explain later in this opinion,[11] under AS 29.53.140(f) the jury may disregard some of the findings of a

board of equalization without regard to the prior proceedings, the review resembles an original proceeding. Nevertheless, the resemblance does not render Appellate Rule 45 inapplicable. The Rule serves a function beyond requiring that appeals from administrative agencies be heard on the record. It also prescribes the running of time for appeal, the contents of the notice of appeal, as well as requirements for bond and for dismissal if costs are not paid. Whether Appellate Rule 45 applies is not determined by labeling a case an appeal or a new proceeding. The essential question is a functional one: does the claim before the superior court challenge a prior administrative decision?[12] If the answer is affirmative, Appellate Rule 45 applies.

This conclusion creates a conflict between the requirement of Appellate Rule 45 that judicial review of administrative decisions be on the record and the statute's grant of de novo jury review both at the request of the borough as well as at the election of the taxpayer. The Rule provides that it shall "supersede all other procedural methods specified in Alaska statutes for appeals from administrative agencies to the courts of Alaska."[13] As we view this case, the central issue is whether the rights conferred by AS 29.53.140(f) are procedural within the meaning of Appellate Rule 45.

■ The declaration of Appellate Rule supremacy over procedural statutes is an expression of the judicial power distributed to the courts by article IV, sections 1 and 15, of the Alaska Constitution.[14] We have

---

10. AS 29.53.135. *See* 1965 Op. Alaska Atty. Gen. No. 7, at 2–3 (Board of Equalization acts as administrative body so that weighted ·vote statute not applicable).

11. See p. 548 *infra*.

12. We have never decided whether Appellate Rule 45 is the exclusive means of challenging tax assessments. *See* Harmon v. North Pac. Union Conf. Ass'n of 7th Day Adventists, 462 P.2d 432, 434 (Alaska 1969) ; Matanuska-Susitna Borough v. King's Lake Camp, 439 P.2d 441, 447 (Alaska 1968).

13. Alaska R.App. 45(i). *See also* Alaska R. App.P. 50 :

*Legal Effect of Rules—Procedural Portions of Statutes Superseded.* These rules are promulgated pursuant to constitutional authority granting rule making power to the supreme court, and to the extent that they are inconsistent with any procedural provisions of any statute not enacted for the specific purpose of changing a rule, shall supersede such statute to the extent of such inconsistency.

14. They provide in pertinent part:

Section 1. *Judicial Power and Jurisdiction.* The judicial power of the State is vested in a supreme court, a superior court,

attempted to mark one limit of this power by distinguishing, as in Appellate Rule 45, between substantive and procedural rights. For example, in Ware v. City of Anchorage, 439 P.2d 793, 794 (Alaska 1968), we held a statute requiring a non-resident plaintiff to provide security for the costs of litigation to be substantive and thus not an infringement upon our rulemaking power, stating:

> The authorities generally agree that substantive law creates, defines and regulates rights, while procedural law prescribes the method of enforcing the rights. (footnote omitted).

In Channel Flying, Inc. v. Bernhardt, 451 P.2d 570, 576 (Alaska 1969), we restated the test in deciding that a statute allowing disqualification of a judge also was substantive:

> This statute does not merely regulate procedure. With or without it the particular action in court takes the same course. The statute rather creates and defines a right—the right to have a fair trial before an unbiased and impartial judge. This is something more than

merely presecribing a method of enforcing a right. (footnotes omitted) [15]

In the absence of the rights guaranteed by AS 29.53.140(f), a taxpayer has no assurance that he will receive an impartial determination that his assessment is a fair one. The borough assesses and then, sitting as the board of equalization decides whether the assessment is accurate. When the borough is delegated the authority to assess and levy taxes, judicial review is limited. A court will not substitute its judgment and correct the dollar amount of the assessment unless the borough's error is egregious. In this setting, a judge "is concerned with nothing less than fraud or the clear adoption of a fundamentally wrong principle of valuation." [16]

 AS 29.53.140(f) is intended to alter this scheme. The borough retains the power to assess taxes and review their accuracy in the first instance. But on appeal the taxpayer may demand a fresh determination by a jury that the assessment is correct. The jury makes its decision as if it were sitting in the place of the assembly, unrestrained by the limited scope of review

---

and the courts established by the legislature. . . .

 . . .

Section 15. *Rule-Making Power*. The supreme court shall make and promulgate rules governing the administration of all courts. It shall make and promulgate rules governing practice and procedure in civil and criminal cases in all courts. These rules may be changed by the legislature by two-thirds vote of the members elected to each house.

15. *See also* City of Valdez v. Valdez Development Co., 506 P.2d 1279, 1281–84 (Alaska 1973) (statute requiring automatic postponement of court proceedings if party, attorney of record, or principal witness is a member of legislature unconstitutional); RLR v. State, 487 P.2d 27, 38 n. 74 (Alaska 1971) (statute excluding public from children's hearings is outside scope of legislative authority); Liberty Nat. Ins. Co. v. Eberhart, 398 P.2d 997, 998–99 (Alaska 1965) (statute setting time within which garnishee must appear in court in response to order unconstitutional); Thrift Shop, Inc. v. Alaska Mut. Savings Bank, 398 P.2d 657, 661 (Alaska 1965)

(statute allowing joinder of claims for past rent due and damages in forcible entry and detainer action unconstitutional); Silverton v. Marler, 389 P.2d 3, 5–6 (Alaska 1964) (statute providing that action is commenced for purpose of tolling statute of limitations when complaint filed and summons issued unconstitutional); Leege v. Martin, 379 P.2d 447, 448–49 (Alaska 1963) (statute prohibiting stay of forfeiture order for fishing in closed area pending appeal unconstitutional). *Cf.* Douglas v. Beneficial Fin. Co. of Anchorage, 334 F.Supp. 1166, 1171–72 (D. Alaska 1971) (assumes statute validating confessions of judgment without notice procedural and unconstitutional); State v. City of Anchorage, 513 P.2d 1104, 1111–12 (Alaska 1973) (supreme court order requiring city to pay costs of jury trials on violations of city ordinances prescribes procedure for making payments required by statute); State v. Browder, 486 P.2d 925, 929–30 (Alaska 1971) (alternative ground).

16. Twentieth Century Invest. Co., Inc. v. City of Juneau, 359 P.2d 783, 788 (Alaska 1961) (footnote omitted).

which a judge would ordinarily exercise. Thus, AS 29.53.140(f) creates a taxpayer's right to have the judgment of a jury substituted for that of the borough assembly sitting as its own board of equalization. The right, however, is not to a fresh assessment of taxes of the property. AS 29.53.135 quoted in full at Note 1 *supra* specifies in part that the board of equalization "is governed in its proceedings by such procedures consistent with general rules of administrative law and the laws governing equalization proceedings as may be adopted by ordinance . . .." We take judicial notice that the Greater Anchorage Area Borough code of ordinances specifies that the duties of its Board of Equalization are to determine equalizations of property brought before the Board by appellants or by one or more members of the Board. A Board member making a motion to grant or deny an appeal is required to make a statement in support of the motion "to the effect that the appellant has, or has not, demonstrated that the assessment on his property is out of equity with the general level of assessments for like property in the borough." It is thus the function of the Board of Equalization to determine whether the assessment in question "is out of equity with the general level of assessments for like property in the borough." It is this issue which is to be tried de novo before a jury. This represents a decision by the legislature that in tax assessments, the borough assembly shall not be the only judge in its own case. We believe this is a legislative decision on substantive tax policy.

Keiner v. City of Anchorage, 378 P.2d 406 (Alaska 1963), is not inconsistent with this analysis. *Keiner* held that a property owner appealing a city council order to remove a fire and health hazard could not exercise a right to de novo review created by a territorial statute. While consideration was given to the statute's procedural character, the holding was equally founded upon the statute's effective repeal by other laws enacted after statehood.[17] Moreover, the right litigated in *Keiner* was not the right to jury review.

■■■ To be sure, there are elements of jury review which appear to be procedural because of the substantial impact administration of jury trials has upon the allocation of judicial resources. Nevertheless, these are only incidental to the implementation of a substantive right.[18] Accordingly, the right to jury review of municipal tax assessments does not encroach upon the judicial power reserved to the courts by article IV, sections 1 and 15, of the Alaska Constitution.

The Borough contends in response that AS 29.53.140(f) violates the constitutional principle of separation of powers. Its argument is that assessment of property taxes is a uniquely legislative function not delegable to the courts. Only a borough assembly and not a jury can determine the value of property for assessment purposes. To support this contention, the Borough cites four cases, each holding in substance that "it [is] no part of the judicial function . . . to determine the base or amount of the tax that in its view might legally be exacted . . .."[19]

Each of these cases expresses the view we adopted in Twentieth Century Invest-

17. § 16-1-35(24) ACLA 1949 was superseded by SLA 1959, ch. 50, § 17(1)(a) [AS 22.10.020(a)] which provided for review on the record unless the superior court, in its discretion, required otherwise.

18. Because a statutory right to jury trial expresses a judgment on tax policy thoroughly within the ambit of legislative authority, we have applied the traditional substance-procedure distinction without hesitation. We are not, however, wedded to that test. Issues approaching the unchartered borders of the judicial power may require that we adopt a more elaborate analysis.

19. Rowley v. Chicago & N. W. R. Co., 293 U.S. 102, 111-12, 55 S.Ct. 55, 59, 79 L.Ed. 222, 228 (1934); *accord* Great Northern R. Co. v. Weeks, 297 U.S. 135, 151, 56 S.Ct. 426, 434, 80 L.Ed. 532, 542 (1936); Overstreet v. Chatlos, 135 So.2d 870, 872-73 (Fla. App.1961); In the Matter of Metropolitan Life Ins. Co. v. Tax Comm'n of the City of New York, 22 A.D.2d 870, 254 N.Y.S.2d 426, 427 (App.Div.1964).

ment Co., Inc. v. City of Juneau, 359 P.2d 783, 788 (Alaska 1961), when we observed that the legislature had expressly empowered the borough assembly to levy taxes and to act as its own board of review. We held that, in reviewing the exercise of such power, a court would not determine, except in instances of fraud or fundamental error, what the proper valuation might be.[20] In the present case there is the additional and important fact that AS 29.53.-140(f) delegates to a jury the power previously held exclusively by the borough assembly. However, the Borough's argument goes further herein for it asserts that even given legislative delegation, such review is improper. We disagree.

While statutes in most jurisdictions do not authorize more than limited judicial review of assessments, where the power to determine if assessments are proper has been given to the courts, generally the delegation has been upheld under certain limitations.[21] AS 29.53.140(f) does not purport to authorize judicial formulation of general tax policies. It asks the courts to perform, with the aid of a jury, only the traditionally judicial task in tax cases of determining in particular instances whether policy to be followed in the assessment of taxes has been accurately applied. The statute authorizes a trial de novo of the board's action. Thus the court and jury are placed in the shoes of the board of equalization in reviewing the tax assessment in accordance with the standards prescribed by statute and applicable ordinances. The review would be for the purpose of ascertaining whether the assessor had correctly assessed the property in question;[22] thus the court will normally not be performing the questionable duty of making fresh assessments of property, but will be determining only whether there was error in the manner in which the property was originally assessed.[23] If an assessor uses any proper method of assessment uniformly throughout the taxing district, the mere fact that a different method of assessment may result in a lower valuation would not be a proper ground for reversal.

The order of the superior court denying jury trial is reversed and the case is remanded for further proceedings in conformity with this opinion.[24]

20. *Accord* Hoblit v. Greater Anchorage Area Borough, 473 P.2d 630, 632 (Alaska 1970); Ketchikan Packing Co. v. City of Ketchikan, 167 F.Supp. 846, 849–50 (D.Alaska 1958).

21. *E. g.*, Stanton v. State Tax Comm'n, 114 Ohio St. 658, 151 N.E. 760, 763–65 (1926). *Compare* Northern Pac. Ry. Co. v. State, 71 N.D. 93, 299 N.W. 696, 700 (1941). Cases applying statutes authorizing judicial determination of assessments include City of Griffin v. Southeastern Textile Co., 79 Ga.App. 420, 53 S.E.2d 921, 926 (1949); People ex rel. City of New York v. Keeler, 237 N.Y. 332, 143 N.E. 211 (1924); Wadhams & Co. v. State Tax Comm'n, 202 Or. 132, 273 P.2d 440, 441–42 (Or.1954); Appeal of Herold, 161 Pa.Super. 221, 54 A.2d 98, 99–100 (Pa. Super.1947); Hoffman v. County of Augusta, 206 Va. 799, 146 S.E.2d 249 (Va.1966).

22. The plaintiff on appeal of the assessment will have the burden of proof to establish that the assessment was improperly made.

23. See Hellerstein, Judicial Review of Property Tax Assessments, 14 Tax Law Review 327, 336 (1959).
We agree with Professor Hellerstein that "the proper relationship between the courts, assessing officials, and review boards cannot be charted in vacuo," and that the nature and scope of judicial review is dependent to some extent upon the review provided in the administrative process. *Id.* at 349.
If the taxpayer is given a fair hearing before a competent and impartial review board where he is given an opportunity to present his evidence and make his arguments, there is little reason to expand the traditional scope of review. If, however, the administrative proceeding is a "perfunctory, rubber stamp type of hearing" conducted by the taxing agency itself or by persons likely to favor the administration, then there is more substantial basis for expanding the traditional scope of review. Since no argument has been advanced in this case concerning the nature of the hearing before the Borough Assembly acting as a Board of Equalization, we do not here decide the due process requirements of a review hearing where such is prescribed by statute or ordinance.

24. The decision of this Court concerning the scope of the new trial in the superior court adopts the view that a broad reading of AS 29.53.140(c) to implicitly permit the jury to set the valuation of property by finding that the valuation set by the assessor is "excessive" or "improper" is violative of the doctrine of separation of powers, while a more limited reading of AS 29.53.140(c) is constitutionally permissible.