STATE of Alaska, Petitioner,

v.

LUNDGREN PACIFIC CONSTRUCTION CO., INC., Respondent.

No. 3888.

Supreme Court of Alaska.

Nov. 30, 1979.

Ray C. Preston, Jack McGee, Asst. Attys. Gen., Avrum M. Gross, Atty. Gen., Juneau, for petitioner.

R. R. De Young, Barokas & Martin, Anchorage, for respondent.

Roger W. DuBrock, Wade & DuBrock, Larry R. Meyer, Burr, Pease & Kurtz, Anchorage, Lawrence T. Feeney, Faulkner, Banfield, Doogan, Holmes, Juneau, for amici curiae.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

OPINION

BOOCHEVER, Justice.

At stake in this appeal is whether a corporation which contracted with the State

Department of Highways and received an adverse decision from the contracting officer after following contractual dispute provisions is entitled to bring a new suit against the state; and if not, whether the appeal from the contracting officer's decision should consist of a review on the record or a trial de novo. We hold that the proper procedure is an appeal under Appellate Rule 45 rather than a new suit. We further hold that the contractor is entitled to a de novo hearing if a hearing conforming to due process requirements was not provided by the Department or if the contract is construed as providing a de novo hearing.

## STATEMENT OF FACTS

On May 25, 1973, Lundgren Pacific Construction Co., Inc. entered into a contract with the State of Alaska, acting by its Commissioner of Highways, for the construction of three ferry terminals. Disputes arose over various provisions, and the contractor filed a claim seeking extra compensation. The contract is subject to the provisions of the 1972 edition of the Standard Specifications for Highway Construction, the Blue Book, which includes a section entitled "Claims for Adjustment and Disputes." The provisions of that section, which are set forth in the Appendix to this opinion, may be summarized as follows:

1. The contractor submits a written claim to the engineer, with a copy to the contracting officer (the Commissioner of Highways).

2. If the claim is not disposed of by agreement within sixty days, it is decided by the contracting officer. ·

3. Within thirty days from receipt of the contracting officer's decision, the contractor may request a Contract Claims Review Board[1] (CCRB) hearing. The contractor has the right to be heard and to offer evidence before the CCRB and may be represented by counsel.

4. Copies of the Board's opinion are furnished the contractor, and the contractor or the state may seek a reconsideration of the opinion within thirty days.

5. If no motion for reconsideration is filed, the Board's opinion will be the basis for the contracting officer's decision.

6. The final contracting officer's decision is then furnished to the contractor and the Attorney General's Office with notification that the administrative remedies for the claim have been exhausted.

Lundgren followed the procedure for adjustment of disputes, and a final contracting officer's decision was mailed to it on March 25, 1977. Lundgren did not seek appellate review, as such, but on November 1, 1977, filed a complaint in the superior court based upon the jurisdiction of the superior court to hear claims against the state, pursuant to AS 09.50.250.[2] The state moved to dismiss the claim because it was not filed within thirty days after the agency's decision as required by Appellate Rule 45.[3]

1. Based on the briefs submitted to us, it appears that the Commissioner of Highways selects the members of the CCRB from engineers employed by the Highway Department.

2. AS 09.50.250 provides in part:
   *Actionable claims against the state.* A person or corporation having a contract, quasi-contract, or tort claim against the state may bring an action against the state in the superior court. A person who may present his claim under AS 44.77.010–44.77.060 may not bring an action under this section except as set out in AS 44.77.040(c).
   AS 44.77.010–.060 specifies an administrative procedure which must be exhausted before a person can bring a claim against the state. *State v. Zia, Inc.*, 556 P.2d 1257 (Alaska 1976). It provides for submission of claims to an ad-

ministrative or executive officer, review by the Department of Administration, a hearing by the Department, and if the result is unacceptable, the right to bring an action under AS 09.50.-250–09.50.300. AS 44.77.070 states, however, that this procedure does not apply to any department in the executive branch which has adopted a mandatory claims and appeal procedure.

3. Appellate Rule 45 provides:
   *Appeals to Superior Court From District Court and From Administrative· Agencies.*
   (a) *When Taken.*

   .    .    .    .    .

   (2) The time within which an appeal may be taken to the superior court from an administrative agency shall be 30 days from the

Following oral argument, the superior court denied the Department's motion, stating that the action was a new suit and not an appeal from a prior administrative decision. The state filed a motion, nominally for reconsideration, which was on different grounds and for all intents and purposes constituted a new motion. The state no longer sought to dismiss the action, but requested the court to change its ruling and find that the Contract Claims Review Board of the Department of Highways was an administrative agency and that the proceeding was a review of an administrative agency's decision rather than a de novo proceeding. The superior court did not expressly rule on the motion for reconsideration, but according to Civil Rule 77(m),[4] by remaining silent, the court denied the motion. The state filed a petition for review of the trial court's denial of the motion; the state seeks a ruling that the CCRB's decision was an administrative agency's decision so that the action in superior court should be limited to review on the record.

The same issues have been raised in three other superior court actions involving highway construction claims.[5] The parties to

date that the order appealed from is mailed or delivered to the appellant. If a request for agency reconsideration is timely filed before the agency, the notice of appeal must be filed within 30 days after the agency's reconsideration decision.

(b) *Notice of Appeal.* The contents of the notice of appeal shall be the same as set forth in Appellate Rule 7(b) and the notice of appeal shall be filed in the superior court. The clerk of the superior court shall forthwith mail a copy of the notice of appeal to the administrative agency or district court involved and also notify them that they must prepare the record on appeal in accordance with Appellate Rule 9. The notice to prepare record may indicate what the contents of the record on appeal will be or that the contents of the record will be ordered at a prehearing conference to be scheduled by the superior court in conformity with Appellate Rules 45(a) and (f) and that the administrative agency or district court will be sent the order as soon as it is entered. The time limit for preparation of the record shall run from the date of receipt of the order designating such record if the record is not immediately designated.

.        .        .        .        .

(e) *Preparation of Record.* The record on appeal shall be prepared in conformity with Appellate Rule 9, unless otherwise ordered at a prehearing conference, with the following exceptions.

.        .        .        .        .

(2) The administrative agency shall prepare the record on appeal in the case of appeal of an administrative decision. All reasonable costs incurred in connection with preparing the record on appeal shall be borne by the appellant; in the instance of a cross-appeal, the costs may be apportioned. The preparing agency may require in advance the costs as reasonably estimated by the agency.

(f) *Time for Filing Briefs.* The superior court shall set the time limits for filing the necessary briefs and the time of oral argument at the time of a prehearing conference to be ordered by that court.

(g) *Preparation of Briefs.* The briefs on the appeal shall be typewritten and shall be prepared substantially in conformity with Appellate Rules 11 and 12.

.        .        .        .

(i) *Conflict with Other Procedures for Appeal from Rulings of Administrative Agencies.* These rules shall supersede all other procedural methods specified in Alaska statutes for appeals from administrative agencies to the courts of Alaska.

(j) *Powers of Superior Court Following Notice of Appeal.* After notice of appeal to the superior court has been given, the superior court shall have power to make such orders as are necessary and proper to aid its appellate jurisdiction.

4. Civil Rule 77(m) specifies:

A motion to reconsider the decision may be made within 10 days of the date that the decision has been entered and shall be governed by Appellate Rule 27 except as otherwise provided herein. The motion for reconsideration shall be decided by the court without oral argument within 10 days of the date of filing of the motion. If the motion for reconsideration has not been ruled upon by the court within 20 days from the date of the filing of the motion, it shall be taken as denied for the purposes of the record.

5. *A & G Construction Co., Inc. v. State,* C.A.No. 77–5180 (Third Judicial District, Anchorage) (order declaring CCRB's decision null and void and remanding matter to CCRB, Oct. 26, 1978); *Berg Construction v. State,* C.A.No. 77–925 (First Judicial District, Juneau) (settled by the parties and dismissed with prejudice, April 18, 1979); *Lundgren Northwest & Associates, Inc. v. State,* C.A.No. 77–227 (First Judicial District, Ketchikan) (motion for oral argument on cross-motion for summary judgment taken under advisement, April 30, 1979). A & G Construction and Berg filed briefs in this case.

those actions and the Alaska Chapter of Associated General Contractors have filed amici curiae briefs.

Under the provisions of Appellate Rules 23 and 24, we granted review because the superior court's order involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate review may materially advance the ultimate termination of the litigation. The order is of such substance and importance as to justify deviation from normal appellate procedure.

Since the state no longer seeks dismissal of the complaint as being untimely filed, our opinion shall be limited to the issues of whether the procedure is in the nature of an appeal or a new action, and, if it is an appeal, whether it will be resolved on the basis of the record before the CCRB or by a trial de novo.

I

## WHETHER A CHALLENGE OF A CCRB DECISION IS AN ADMINISTRATIVE APPEAL OR A NEW ACTION

█ Our prior decisions clearly indicate that the procedure should be treated as an appeal. The seminal case is *Keiner v. City of Anchorage,* 378 P.2d 406 (Alaska 1963). After various inspections of Keiner's building, the city manager of Anchorage issued an order for its demolition. Keiner filed objections, and then a public hearing was held by the city council acting as a board of adjustment. The board found the building to be a fire and health hazard and provided by an ordinance for its removal.

Keiner appealed to the superior court requesting a de novo hearing on the matter and a jury trial. The court denied the requests and affirmed the board's decision based on the record of the proceedings.

On appeal, this court affirmed, referring to AS 22.10.020(a) and former Civil Rule 107(a). 378 P.2d at 410 n.12. AS 22.10.-020(a) states in part:

[H]earings on appeal from a formal order or judgment of a subordinate court or administrative agency shall be on the record unless the superior court, in its discretion, grants a trial de novo, in whole or in part.

Former Civil Rule 107(a) provided that appeals from the magistrate courts were on the record unless the superior court, in its discretion, granted a trial de novo in whole or in part.

Keiner, like Lundgren, contended that the board decision was not that of an administrative agency and that AS 22.10.-020(a) refers only to agencies created by the legislature. We concluded that the term "administrative agency" should be construed broadly to include the board of adjustment since it was in fact performing administrative functions. 378 P.2d at 410.

Similarly, the Contract Claims Review Board and the Commissioner of Highways, acting for the Department of Highways, perform an administrative function when they review the claims of the contractor.

This is in accord with Professor Davis' classic definition:

An administrative agency is a governmental authority, other than a court and other than a legislative body, which affects the rights of private parties through either adjudication or rule making.

1 K. Davis, Administrative Law Treatise § 1.01 at 1 (1958) (footnote omitted).

We were also concerned in *Keiner* with due process requirements. We stated:

The board made its findings only after due notice and full opportunity to be heard; the conduct of the hearing was consistent with the essentials of a fair trial; there is no assertion that the board was anything but impartial; and a complete record of the proceedings was kept so that the reviewing court was able to determine that there was no substantial failure to observe applicable rules of law and procedure, and that in all other respects Keiner was afforded a fair hearing. This satisfies the procedural requirements of due process of law.

378 P.2d at 409–10 (footnote omitted). We shall further discuss the requirements of due process later in this opinion. Whether or not those requirements were met, however, does not alter the fundamental source of the dispute proceedings or render them something other than administrative in nature.

Subsequent to our decision in *Keiner,* we promulgated Appellate Rule 45 specifying the procedure to be followed on appeals to the superior court from the district court and administrative agencies.[6] The rule stated that it superseded all other procedural methods specified in statutes for appeals from administrative agencies to the courts.[7] Since the CCRB's decision is an administrative decision, a challenge to that decision is an administrative appeal and therefore governed by Appellate Rule 45.

## II

### TRIAL DE NOVO UNDER APPELLATE RULE 45

■ In *Winegardner v. Greater Anchorage Area Borough,* 534 P.2d 541 (Alaska 1975), we had occasion to discuss the applicability of Appellate Rule 45 to an appeal taken from a decision of the Greater Anchorage Area Borough Assembly, sitting as the board of equalization. AS 29.53.140(f) provides that a party is entitled to a trial de novo on appeal from a determination of a board of equalization. The superior court held that Appellate Rule 45 governed and that a trial de novo was not permitted.

Winegardner contended that the board of equalization was not an administrative agency. We had little trouble, based on *Keiner,* in reaching the conclusion that the

board was an administrative agency within the meaning of Appellate Rule 45. 534 P.2d at 544–45.

Nevertheless, we concluded that the right to a trial de novo conferred by AS 29.53.-140(f) was a substantive right and therefore not subject to this court's supremacy over procedural matters contained in article IV, sections 1 and 15 of the Alaska Constitution.[8]

We held that the taxpayer's right to a trial de novo did not foreclose the matter from being treated as an appeal under Appellate Rule 45. Justice Erwin, speaking for the court, stated:

> Winegardner's argument seems to be that because a jury on appeal may act independently of the record created by the Board of Equalization, the proceeding must be regarded as a new civil action and Appellate Rule 45 cannot apply. We see no reason to make such a distinction. De novo jury trial does expand judicial review beyond the limited scope associated with a classic appeal; and because, as we explain later in this opinion, under AS 29.53.140(f) the jury may disregard some of the findings of a board of equalization without regard to the prior proceedings, the review resembles an original proceeding. Nevertheless, the resemblance does not render Appellate Rule 45 inapplicable. The Rule serves a function beyond requiring that appeals from administrative agencies be heard on the record. It also prescribes the running of time for appeal, the contents of the notice of appeal, as well as requirements for bond and for dismissal if costs are not paid. Whether Appellate Rule 45 applies is not determined by labeling a case an appeal or a

6. Relevant provisions of Appellate Rule 45 are set forth in note 3, *supra.*

7. Appellate Rule 45(i).

8. Article IV, sections 1 and 15 of the Alaska Constitution provide in relevant part:
    Section 1. *Judicial Power and Jurisdiction.* The judicial power of the State is vested in a supreme court, a superior court, and the courts established by the legislature. . .

Section 15. *Rule-Making Power.* The supreme court shall make and promulgate rules governing the administration of all courts. It shall make and promulgate rules governing practice and procedure in civil and criminal cases in all courts. These rules may be changed by the legislature by two-thirds vote of the members elected to each house.

new proceeding. The essential question is a functional one: does the claim before the superior court challenge a prior administrative decision? If the answer is affirmative, Appellate Rule 45 applies. 534 P.2d at 545 (footnotes omitted). Therefore, a person may have a right to a trial de novo of certain matters under some circumstances even though Appellate Rule 45 is applicable.[9]

## III

## THE CONTRACT PROVISIONS

The parties and amici have extensively briefed issues as to the construction of the contractual provisions. We need not address the state's argument that the contract provides for an administrative review under Appellate Rule 45 as we have reached that conclusion independently. By Appellate Rule 45, we have established the procedure to be followed in the courts for administrative appeals.

The contractor argues that the contract terms require a new action. A state agency

cannot alter the procedure determined under this court's constitutional authority for handling administrative appeals. Nor may parties to a contract dictate the procedure to be followed once disputes are presented for resolution by the courts. Thus, the procedure to be followed is under Appellate Rule 45 and not by means of a new action. Nevertheless, substantive provisions of a contract should be given effect. A contract may confer a substantive right, similar to the statutory right to trial de novo discussed in *Winegardner*.[10] What is at issue is not whether the action is designated a new action or an appeal, but whether it is to be determined on the record presented to the CCRB or by a trial de novo. There is nothing in the contract which directly addresses this issue and persuasive arguments are advanced by each side as to a proper construction of the contract.[11]

The contract provisions variously use the terms "judicial appeal," "judicial assertion or review" and "action or court proceeding."[12] In ascertaining the reasonable expectation of the parties,[13] we look to the

9. The superior court has sufficient authority to order a trial de novo under Appellate Rule 45(j) which confers upon the superior court "power to make such orders as are necessary and proper to aid its appellate jurisdiction."

10. A contract may also bind the parties to a non-judicial manner of resolving disputes such as arbitration. *Arctic Contractors, Inc. v. State*, 564 P.2d 30, 45 (Alaska 1977).

11. The issue was not addressed by the trial court which held that there was a right not dependent on the contract to an independent action.

12. The language of the disputes clause in the Standard Specifications Book, which was incorporated by reference into the parties' contract, provides:

Further non-administrative or *judicial appeal* may be made only to the State of Alaska through its courts. This final non-judicial or administrative process is a condition precedent for the initiation of judicial *assertion or review*, providing there has been no action of finality placed upon any action that might be considered either capricious, arbitrary or administratively improper in legal determination. [emphasis added]

In addition, the main two-page contract provides:

It is further understood and agreed that all disputed questions of fact which may arise from or relative to the performance or non-performance of, or compliance or non-compliance with any of the terms or provisions of this agreement by either of the parties hereto, or to the amount of loss or damages suffered by either of the parties hereto by reason of the non-performance of, or non-compliance with any of the terms hereof by the other contracting party shall be referred to the Commissioner of Highways for determination and that the decision by the Commissioner of Highways of any such question shall be final, binding and conclusive upon all parties hereto. And it is further understood and agreed that the referring of all such questions to the Commissioner of Highways and the determination thereof by him shall be a condition precedent to the bringing or filing of any *action* or *court proceeding* involving the determination of any such question. [emphasis added]

13. In *Day v. A & G Construction Co.*, 528 P.2d 440, 444-45 (Alaska 1974), we held that

the appropriate standard to apply [in the interpretation of a commercial contract] is that of the reasonable expectation of the parties, i. e., "the sense in which the party using the words should reasonably have ap-

language of the contract and to relevant extrinsic evidence.[14] In addition, we refer to case law interpreting similar provisions.[15] In the context of the limited record provided by this petition for review, we are unable to resolve this issue. We therefore leave the question for decision by the trial court on remand, if it finds that it is necessary to construe the contractual terms to ascertain whether the contractor is entitled to a trial de novo.

## IV

## DUE PROCESS

■ It may be that the contractor has an independent right to a trial de novo, not dependent on the contractual terms. If that is the case, the construction of the contract, in the court's discretion, may not be required. We have previously indicated that where a statute establishes a right to a trial de novo, that right must be recognized under Appellate Rule 45. We believe that a similar right to trial de novo is created if an administrative adjudicative procedure does not afford due process.

The contractor contends that the disputes procedure under the contract violates basic due process concepts. The contractor argues that: the members of the CCRB are subordinate employees of the contracting officer, whose original decision has been appealed; in the final analysis, the ultimate decision is that of the contracting officer and not that of the CCRB so that the contracting officer is, in effect, passing on his own decision; the members of the CCRB are not trained in the law; no formal procedures have been established for a hearing; no rules of evidence proscribed or burdens of proof adopted; and no provisions made for discovery or subpoena of witnesses.

In upholding the review on the record in *Keiner,* we pointedly commented that "the conduct of the hearing was consistent with the essentials of a fair trial; there is no assertion that the board was anything but impartial." 378 P.2d at 409. The impartiality of the decision maker has been recognized in many contexts as an essential element of due process.

The United States Court of Claims has stated:

[I]f the Secretary of the Smithsonian Institution should be considered as the contracting officer . . . it would be improper for him to wear a second hat as head of the department under the disputes clause, for no man can review his own decision with the requisite degree of quasi-judicial detachment and impartiality.

*Roberts v. United States,* 357 F.2d 938, 944, 174 Ct.Cl. 940 (1966). In *Philadelphia Housing Authority v. Turner Construction Co.,* 343 Pa. 512, 23 A.2d 426, 429 (1942), the court stated:

Individuals given the right to decide in their own favor or in favor of the person who employs them cannot be said to be exercising a judicial function at all.

Professor Schwartz in his text, Administrative Law, sets forth requirements for hearing officers:

The securing of qualified hearing officer personnel is the heart of formal administrative adjudication. So far as the parties appearing before them are concerned, the officers presiding at hearings are the administrative equivalents of trial judges. Unless the officers are competent and impartial, those appearing before agencies will scarcely be left with the feeling that they have had justice.

Schwartz, Administration Law § 102, at 293 (1973).

As we stated in *In re Robson,* "[a]n impartial tribunal is basic to a guarantee of due process." 575 P.2d 771, 774 (Alaska 1978) (footnote omitted). We also emphasized that administrative hearings must not

---

prehended that they would be understood by the other party," and the meaning which the recipient of the communication might reasonably have given to it. [footnotes omitted]

14. *Stordahl v. Government Emp. Ins. Co.,* 564 P.2d 63, 66 (Alaska 1977).

15. *Id.*

only be fairly conducted, but also give the appearance of complete fairness. *Id.*[16]

The United States Supreme Court forcefully set forth the requirement of due process in administrative adjudication in *Withrow v. Larkin,* 421 U.S. 35, 46–47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712, 723 (1975):

> Concededly, a "fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, [625,] 99 L.Ed. 942 (1955). This applies to administrative agencies which adjudicate as well as to courts. *Gibson v. Berryhill,* 411 U.S. 564, 579, 93 S.Ct. 1689, [1698,] 36 L.Ed.2d 488 (1973). Not only is a biased decisionmaker constitutionally unacceptable but "our system of law has always endeavored to prevent even the probability of unfairness." *In re Murchison,* supra, [349 U.S.,] at 136, 75 S.Ct. [623], [at 625;] 99 L.Ed. 942; cf. *Tumey v. Ohio,* 273 U.S. 510, 532, 47 S.Ct. 437, [444,] 71 L.Ed. 749 [50 A.L.R. 1243] (1927).

If upon remand the trial court finds that the procedures of the Department of Highways failed to conform to the requirements of due process, either by their very nature or the manner in which these particular claims were handled, it will be necessary to furnish Lundgren with a fair hearing. If the procedures are adequate but have not been followed, a remand to the Department would be required. If the procedures are faulty,[17] however, the remedy would be a trial de novo on appeal.[18] Such a trial is as assuredly required to afford due process rights as to accommodate the statutory rights authorized in *Keiner and Winegardner.*[19]

## V

## CONCLUSION

We conclude that the appeal should be conducted under Appellate Rule 45. Whether a trial de novo is required depends upon whether the contract confers such a right or whether the prior administrative proceedings did not afford Lundgren a hearing consistent with due process. We remand so the trial court may resolve that issue and then hold further proceedings consistent with its decision.

REMANDED.

## APPENDIX

105—1.16. *Claims for Adjustment and Disputes.* Any dispute concerning a question of fact or interpretation of the plans and specifications, or acceptable fulfillment

16. *See Amos Treat & Co. v. SEC,* 113 U.S.App. D.C. 100, 107, 306 F.2d 260, 267 (D.C.Cir.1962).

17. In that event, the contractor should not be required to hold its claim in abeyance for the time required by the Department to establish proper procedures. A de novo trial should be held in the superior court.

18. Under that circumstance, although the superior court would be required to exercise its independent judgment without giving deference to the administrative agency's decision, the court may consider utilization of the record presented to the CCRB, with possible augmentation thereof by the presentation of additional evidence. If due to past practices, however, the contractor had been misled to believe that a new trial was available, liberal augmentation of the record should be permitted or the court may, in its discretion, allow an entire new trial so as to secure an orderly presentation of the evidence.

19. The state argues that a trial de novo is no longer mandated on appeals from federal administrative adjudications to the United States Court of Claims. A federal statute known as the Wunderlich Act governs judicial review of decisions of federal departments under dispute clauses in government contracts. 41 U.S.C. §§ 321, 322 (1965). *United States v. Bianchi & Co.,* 373 U.S. 709, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963), held that under the Wunderlich Act, questions arising under a disputes clause in a contract would be decided on the basis of the administrative record. The decision is based on construction of the statute and did not adjudicate whether alleged irregularities in the appeal board's procedures precluded review on the record. The court expressly stated that such issues were not embraced within the grant of certiorari. *Id.* at 718, 83 S.Ct. at 1415, 10 L.Ed.2d at 660. Furthermore, the state offers no evidence that federal administrative dispute procedures have the same features that give rise to the due process problems alleged in this case. We therefore do not find that federal practice affords guidance in determining the issues before us.

of the contract, or any dispute involving additional compensation, or time shall be presented in writing as a claim by the Contractor to the Engineer, with a copy to the Contracting Officer.

If the basis for the dispute does not become apparent until the Contractor has proceeded with the work, and it is not practical or feasible to stop the work while the Contractor prepares a written claim, the Contractor will inform the Engineer that he is proceeding with the work and that he will submit his written intent to claim within 24 hours after commencement of the work on which the dispute is based. The Contractor shall provide the Engineer the proper facilities for keeping accurate records of the work.

In presenting the claim the Contractor shall clearly and specifically state:

1. the contract provisions under which the claim is made,
2. the contract items on which the claim is based, and
3. the specific relief including, but not limited to the additional time and/or compensation to which the Contractor believes he is entitled. If the amount of compensation and/or time cannot be readily ascertained at the time the claim is submitted, such amounts will be submitted as soon as they are discernible. In any case, the detailed claim including all necessary supporting data, shall be submitted no later than 60 days after completion of the work on which the claim is based.

A claim not presented as provided herein or a mere intent to claim shall not be considered a claim within the contract.

The claim shall be acknowledged in writing by the Engineer. If the claim is not disposed of by agreement within 60 days, provided additional time is not granted in writing by the Department of Highways, the claim shall be decided by the Contracting Officer. If a claim is asserted in so vague a fashion that the Engineer or the Contracting Officer cannot reasonably determine the contractual provisions relied upon or the basis of the claim, the claim

may be denied on that basis. The Department of Highways reserves the right to make written request to the Contractor at any time for additional information which the Contractor may possess to support the claim(s). The Contractor agrees to provide the Department of Highways such additional information within 30 days of receipt for such a request, provided additional time is not granted in writing by the Department of Highways. Failure to furnish such additional information may constitute a waiver of the claim.

When the claim is decided by the Contracting Officer, the Contractor shall be furnished a written copy of the Contracting Officer's decision. The Contracting Officer's decision shall be final and conclusive unless within 30 days from the date of receipt thereof, the Contractor appeals therefrom to the Commissioner of Highways requesting a Contract Claims Review Board hearing specifically citing the exceptions he takes to the Contracting Officer's decision of a certain date, the facts and contract provisions relied upon, and the relief to which the Contractor feels he is entitled, signing his name, firm name, address and organizational authority. General assertions that the decision is contrary to law or to fact will not be accepted. If a claim is asserted in so vague a fashion that the Board cannot reasonably determine the contractual provisions relied upon or the basis of the claim, the claim may be denied on that basis.

In connection with any appeal proceeding before the Contract Claims Review Board, the Contractor shall be furnished a copy of the Contract Claims Review Board's procedure. The Contractor may appear in person or may be represented by a properly authorized corporate officer or by legal counsel. The Contractor will forward in triplicate within 30 days after notice of intent to appeal an accompanying brief, statement, or legal summary of the presentation the Contractor will make before the Contract Claims Review Board. The Contractor shall be afforded an opportunity to be heard and to offer evidence in support of his appeal.

Copies of the Board's opinion will be furnished the Contractor, appropriately signed by all members, and authenticated by the Secretary of the Board. The Contractor or the State may within 30 days of receipt of the Board's opinion file an appeal for "Reconsideration" of an adverse opinion. The appeal for reconsideration must stand on its own merits such that the Board may make its final opinion from a review of the appeal brief without the necessity for recalling a hearing. If the Board determines from the appeal brief that another hearing shall be held, the Contractor will be so notified by the Secretary of the Board. The State or Contractor may respond to a motion for reconsideration by the opposing party within 30 days of the date such a motion is filed with the Board before a decision on reconsideration is made by the Board. If no motion for reconsideration is filed, the Board's opinion will be the basis for the final Contracting Officer's decision. Pending final decision of a claim or dispute, the Contractor shall proceed diligently with the performance of the contract as directed by the Contracting Officer.

The completed record, decision, transcript, exhibits, posthearing briefs, briefs for reconsideration (if filed), and opinions of the Board shall constitute the Department's contractual and administrative remedies. The final Contracting Officer's decision shall be furnished to the Contractor and the Attorney General's Office, with notification that the administrative remedies for the claim have been exhausted.

Further non-administrative or judicial appeal may be made only to the State of Alaska through its courts. This final non-judicial or administrative process is a condition precedent for the initiation of Judicial assertion or review, providing there has been no action of finality placed upon any action that might be considered either capricious, arbitrary or administratively improper in legal determination.

If the claim, after consideration, is found to be just, the contract shall be adjusted as directed by the final Contracting Officer's decision. Notwithstanding whether the status of a claim is one that is settled or not settled, the adjustment or compensation provided by this subsection shall not apply to any other section or subsection which section or subsection itself contains provisions for a form of adjustment or compensation.

No claim shall be considered hereunder unless the Contractor has complied with those provisions which may require the Contractor to present his claim before beginning the work on which he bases the claim and where the Contractor is required to afford the Engineer proper facility for keeping accurate records of the work. The fact that the Engineer has kept accurate records for the State, shall not, in any manner, be construed as proving or substantiating the validity of the claim.

Alaska Dept. of Highways, Standard Specifications for Highway Construction (1972).

MATTHEWS, Justice, concurring.

I write separately to emphasize a point which I believe is implicit in footnote 18 of the majority opinion. The point is that the issue in this case is not simply whether there should be review on the record on the one hand or a complete trial de novo on the other. There are various intermediate positions which might better meet the particular requirements of this case.

The norm of judicial review of agency action is that review will be on the record which was developed before the agency and that the standard of review on factual or policy determinations is a deferential one. Under the norm the court does not substitute its judgment for that of the agency, except on questions of law not involving agency expertise. *North Slope Borough v. LeResche*, 581 P.2d 1112, 1115 (Alaska 1978). This policy is adhered to for reasons of efficiency and because of separation of powers considerations. Of course, the norm of judicial review can be deviated from where circumstances warrant, as they do, for example, where a statute requires some form of expanded review or where the decision maker is biased or where important evidence has been improperly excluded.

There are several forms of judicial review beyond the norm. At the extreme is a complete trial de novo where the court substitutes its judgment for that of the agency on matters of fact, law and policy. Where there is a true trial de novo it is as if the agency proceedings had never occurred. A more conservative form of expanded review is review on the record of the evidence developed before the agency where the court makes an independent determination of the facts. As we pointed out in *Keiner v. City of Anchorage,* 378 P.2d 406, 409 (Alaska 1963) the so-called *Ben-Avon* doctrine involved just that, although such review was often referred to as a trial de novo. Another intermediate position is to allow augmentation of the record by the presentation of additional evidence before the court. The record as augmented is then reviewed. Augmentation of an administrative record has long been recognized as a technique which can be employed by our superior courts when circumstances warrant. *E. g. Keiner, supra; Employers Commercial Union Insurance Group v. Schoen,* 519 P.2d 819 (Alaska 1974); AS 44.62.570(d); AS 22.10.020(a).

I think that whenever circumstances justify deviation from the norm of judicial review the assumption should be that the extent of the deviation will be no greater than that required by the circumstances. This is the point implicit in footnote 18 of the majority opinion. Thus if there were a biased fact finder, but no improper limitation on the presentation of evidence the proper course would be to have an independent judicial determination of the facts based on the record. New evidence would not be needed. Likewise, where important evidence has been improperly excluded, augmentation of the record can be accomplished, or, in the alternative, the case might be remanded to the agency for augmentation there. If the record is to be augmented by the court a deferential standard of review should be used if the agency fact finder was not biased; however, if bias exists then the court should exercise its independent judgment on the facts based on the record as augmented. In the ab-

sence of a statute or contract provision requiring a trial de novo, it is only where the agency decision maker is biased, or otherwise incompetent to properly decide the case, and where the agency record is so fundamentally flawed as to be considered worthless that a true trial de novo can be justified.