**FEDPAC INTERNATIONAL, INC., and B & R Tug and Barge, Inc., Appellants,**

v.

**STATE of Alaska, DEPARTMENT OF REVENUE, Appellee.**

No. 6034.

Supreme Court of Alaska.

June 18, 1982.

D. Michael Young, Edward L. Miner, James N. Reeves, Bogle & Gates, Anchorage, for appellants.

Susan A. Burke, Asst. Atty. Gen., Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BURKE, C. J., RABINOWITZ, CONNOR and MATTHEWS, JJ., and DIMOND, Senior Justice.*

## OPINION

BURKE, Chief Justice.

The sole issue posed by this appeal is whether taxpayers are free to challenge a tax assessment in an original proceeding in superior court. We hold that under AS 43.05.240 and Appellate Rules 601–611, the exclusive means of challenging such an assessment is by appeal to the superior court.

In 1979, the Department of Revenue reviewed taxpayers' returns for 1974, 1975, and 1976, and concluded that taxpayers owed an additional $770,007.00 in income and business receipts tax. Taxpayers paid this amount under written protest on March 30, 1979. On September 24 of that same year, the Department of Revenue held a hearing to determine if the assessment was proper. In a nineteen page decision released on September 5, 1980, the hearing officer upheld the challenged assessment. Taxpayers appealed that administrative decision to the superior court in a timely and proper fashion on October 3, 1980.

On the same day, taxpayers instituted an original action in superior court. In that action, they sought repayment of the taxes, costs and attorneys' fees. Due to the similarities between the two civil actions, they were consolidated for the purposes of hearing, argument and decision. On March 10, 1981, the lower court dismissed taxpayers' original civil action, reasoning that AS 43.-05.240 and Appellate Rules 601–611 precluded taxpayers from prosecuting anything but an appellate action. Taxpayers appeal from this disposition of their original action. We affirm.

Taxpayers principally rely on *State v. Wakefield Fisheries, Inc.*, 495 P.2d 166 (Alaska 1972). In that case, we considered, among other things, whether taxpayers had a common-law remedy to recover tax overpayments, an issue made relevant by the longer statute of limitations applicable to actions not predicated upon a statute. In resolving this question, we stated: "The common law has long recognized a cause of action in assumpsit to recover overpayments of taxes. Because the statutory remedies do not explicitly supercede the com-

---

* Dimond, Senior Justice, sitting by assignment made pursuant to article IV, section 11 of the Constitution of Alaska and Alaska Rule of Administrative Procedure 23(a).

mon-law remedies, we conclude that they are intended as a supplement, and that the earlier remedy in assumpsit is still available." *Id.* at 172. On the strength of this language, taxpayers maintain that they are entitled to bring their original civil action in superior court.

Three years after we decided *Wakefield*, the legislature enacted AS 43.05.240. Governing taxpayer remedies, that statute sets forth a detailed procedure to be followed by an aggrieved taxpayer seeking review of a departmental decision.[1] Under AS 43.05.-240(d), taxpayers are entitled to *appeal* an adverse decision to the superior court. The statute does not authorize an original civil action to review a prior departmental decision, and such a right would contradict the tenor and purpose of AS 43.05.240. We conclude that in enacting AS 43.05.240, the legislature intended to prescribe the proper and exclusive means of challenging a tax assessment, i.e., by appeal to the superior court.

A consideration of Appellate Rules 601–611 compels the same conclusion. Our prior cases indicate that if an action in superior court seeks to review a prior administrative decision, it must be treated as an appeal fully subject to the appellate rules. *Ballard v. Stich*, 628 P.2d 918, 920 (Alaska 1981); *Owsichek v. State Guide Licensing and Control Board*, 627 P.2d 616, 620 (Alaska 1981); *Winegardner v. Greater Anchorage Area Borough*, 534 P.2d 541, 545 (Alaska 1975). If the appellate rules apply, relief may be sought *only* in an appellate action. *Ballard v. Stich*, 628 P.2d at 920. For this reason, we have dismissed a de facto appellate action masquerading as an original civil action as untimely under the appellate rules. *Id.* at 921. Under these cases, taxpayers may not maintain their original civil action and instead must pursue relief by appeal.

Taxpayers attempt to distinguish these cases by arguing that where there is "a constitutional, common law statutory or other right to a de novo action," this court will approve a de novo trial in a proceeding which reviews a prior administrative decision.[2] They conclude that *Wakefield* con-

---

1. The full text of AS 43.05.240 is as follows:

    (a) A person aggrieved by the action of the department in fixing the amount of a tax or in imposing a penalty may apply to the department within 60 days from the date of mailing the notice required to be given to him by the department, giving notice of the grievance, and requesting an informal conference. At the conference the person aggrieved may present arguments and evidence relevant to the amount of tax or penalty due the state. If the department determines that a correction is warranted, the department shall make the correction.

    (b) A person aggrieved by the action of the department in fixing the amount of a tax or in imposing a penalty may apply to the department and request a formal hearing

    (1) in place of the informal conference provided for in (a) of this section, within 60 days from the date of mailing the notice required to be given to him by the department; or

    (2) within 30 days after decision resulting from an informal conference.

    (c) At the formal hearing the department may subpoena witnesses and may administer oaths and make inquiries necessary to determine the amount of the tax or penalty due the state. The person aggrieved may present arguments and evidence relevant to the amount of the tax or penalty due the state. If the department determines that a correc-

tion is warranted, the department shall make the correction.

    (d) Within 30 days after the formal hearing and decision by the department, a person aggrieved by the decision of the department may appeal to the superior court in the judicial district in which he resides. The taxpayer shall be given access to the file of the department in the matter for preparation of his appeal. If after the appeal is heard it appears that the tax was correct, the court shall confirm the tax. If incorrect, the court shall determine the amount of the tax and if the person aggrieved is entitled to recover the tax or part of it, the court shall order the repayment and the department shall immediately pay the amount due and attach a certified copy of the judgment to the payment.

2. Taxpayers also argue that rules of procedure cannot extinguish substantive rights. Since they characterize the right to sue in assumpsit as a substantive right, they conclude that the appellate rules have no application here. The department argues, we think correctly, that the substantive right involved here is the right to obtain a refund of taxes erroneously paid and wrongfully withheld. That right has been preserved in AS 43.05.240, and the appellate rules merely regulate the exercise of that right. In *Ware v. City of Anchorage*, 439 P.2d 793, 794 (Alaska 1968), we observed that "substantive

ferred just such a right, entitling them to a trial de novo here. In every instance, however, taxpayers cite cases wherein a statute explicitly conferred the right to a trial de novo in the administrative appeal setting. For example, in *Winegardner v. Greater Anchorage Area Borough*, 534 P.2d 541 (Alaska 1975), taxpayers sought de novo review in an action to determine whether the Board of Equalization erred in assessing the value of taxpayers' realty. Taxpayers relied on AS 29.53.140(f), which provided: "An appellant may appeal to the superior court for, and is entitled to, trial de novo of the board's action." Similarly, in *Matanuska-Susitna Borough v. Lum*, 538 P.2d 994 (Alaska 1975), two tenured teachers sought de novo review of a school board's decision approving their discharge. The teachers relied on AS 14.20.205, which provides: "If a school board or appeal panel reaches a decision unfavorable to a teacher, the teacher is entitled to a de novo trial in superior court."

In this manner, taxpayers seek to equate a common-law cause of action, i.e., assumpsit to recover tax overpayments, with a statute which explicitly confers the right to review an administrative decision in a trial de novo. They thus confuse a substantive right *to recover* with a substantive right to a *trial de novo* in an appellate proceeding. The two are entirely different. The appellate rules are procedural rules—they do not confer or deprive litigants of substantive rights, but merely regulate the exercise of those rights. That taxpayers have a substantive right to recover tax overpayments has no bearing on whether they are entitled to a trial de novo in this instance.

If the rule were as taxpayers suggest, litigants could circumvent Appellate Rules 601–611 almost at will. We adverted to this problem in *Owsichek v. State Guide Licensing and Control Board*, 627 P.2d 616, 620 (Alaska 1981). There, Owsichek argued that no part of his self-styled original action should be treated as an appeal, for his com-

plaint contained allegations of constitutional violations sufficient to state an independent cause of action. We rejected this argument, reasoning that:

> If we held that every complaint alleging the deprivation of constitutional rights stated an independent action, almost any person who was dissatisfied with the results of an administrative proceeding could bypass the requirements of former Rule 45 by including such allegations in his or her complaint. There is no authority and no persuasive reason for judicially creating such a large gap in the applicability of former Rule 45 to actions challenging an administrative decision.

*Id.* at 620 (footnote omitted). In our view, adopting taxpayers' argument would greatly undermine the appellate rules for almost any person could formulate an "independent" cause of action reflecting a substantive right to recover.

Finally, we note that sound policy concerns support the result reached here. By filing duplicate actions in superior court, taxpayers could reopen factual issues already litigated in the administrative proceeding, thereby unnecessarily burdening both the judiciary and the Department of Revenue. Moreover, the legislature has entrusted the department with the function of applying the tax laws to particular fact situations. The proper function of the courts is more limited. Our role is to determine whether there is an error of law or whether the findings which have been produced in an administrative adjudication are supported by substantial evidence. *See, e.g., North Slope Borough v. LeResche*, 581 P.2d 1112, 1115–1116 (Alaska 1978); *Jager v. State*, 537 P.2d 1100 (Alaska 1975); AS 44.62.570(b). Permitting original tax assessment actions in superior court would tend to blur and interfere with the proper roles of the department and the courts.

Taxpayers counter these policy concerns by arguing that there is something inherently defective in an administrative record.

law creates, defines and regulates rights, while procedural law prescribes the method of enforcing the rights." Under this test, the ques-

tion of which forum taxpayers must use is procedural in nature, a proper concern of the appellate rules.

Essentially, they argue that the less formal hearing procedure invites the inclusion of immaterial and potentially prejudicial evidence in the administrative record. What taxpayers fail to acknowledge, however, is that defects in the record, if material, can be cured in the appellate action. *See State v. Lundgren Pacific Construction Co.*, 603 P.2d 889 (Alaska 1979); AS 44.62.570(d).

For the foregoing reasons, we conclude that taxpayers may not maintain an original civil action but must instead pursue relief by appeal. Accordingly, the decision of the lower court dismissing taxpayers' original action is AFFIRMED.

COMPTON, J., not participating.