### In re: Appeal of HUGHES & COLEMAN.

### No. 2001–SC–0597–KB.

Supreme Court of Kentucky.

Nov. 21, 2001.

---

1. *Southeastern Greyhound Lines v. McCafferty,* 169 F.2d 1, 3 (6th Cir.1948).

---

R. Gregg Hovious, John David Dyche, Tachau Maddox Hovious & Dickens PLC, Louisville, Counsel for Hughes & Coleman.

Bruce K. Davis, Executive Director, Frankfort, Donald L. Cox, Mary Janice Lintner, Lynch, Cox, Gilman & Mahan, P.S.C., Louisville, Counsel for Kentucky Bar Association.

WINTERSHEIMER, Justice.

The law firm of Hughes & Coleman, which has offices in Bowling Green, Louisville and Lexington, as well as Nashville, Tennessee, has appealed a decision by the Board of Governors of the Kentucky Bar Association which affirmed a decision by the Attorneys' Advertising Commission which disapproved certain television advertisements containing the phrase "injury lawyers." The Commission disapproved 20 of the advertisements on the basis that the phrase "injury lawyers" violates Kentucky SCR 3.130(7.40) in that it implies that the lawyer is a specialist.

Hughes & Coleman appealed from the notice of proposed disapproval by the Commission and requested an opportunity to pursue informal resolution of the dispute. Telephone conferences were conducted but did not resolve the dispute related to the use of the phrase of "injury lawyers." The parties agreed to consider the conferences as the hearing contemplated by SCR 3.130(7.06)(1). The Commission issued its final decision disapproving the television advertisements containing the contested phrase. Thereafter, Hughes & Coleman appealed to the Board of Governors of the Kentucky Bar Association which affirmed the decision of the Commission. This appeal followed.

Hughes & Coleman seek to have this Court reverse the Board of Governors because they argue that the decision disapproving the advertisements is based on insufficient and clearly erroneous findings, is erroneous as a matter of law, is arbitrary and capricious and is a violation of the right of free speech and communication guaranteed to it by the United States and Kentucky Constitutions.

Hughes & Coleman contend that they have received three different results from three different applications to the Commission. The Commission allowed the first set of "injury lawyers" ads because it did not act within 30 days. The Commission approved a second set by timely affirmative action and the Commission finally disapproved of the third set of advertisements which is the basis of this appeal. The law firm claims that the Commission was aware of the two prior approvals but did not mention this fact in its decision or give any legal analysis for the significance of the prior approvals as contrasted with the ultimate disapproval. They argue that the Commission should have considered its prior approvals and explained its departure from them. They cite *State of Michigan v. Thomas,* 805 F.2d 176 (6th Cir. 1986), for the proposition that while an agency may reexamine prior decisions and depart from its precedents, to do so it must explicitly and rationally justify its change of position.

Hughes & Coleman note, that as a practical matter, they relied on the prior approvals by the Commission when deciding to invest the expense necessary to prepare television advertising which is, of course, the subject of this appeal. They contend

that it is simply unfair to change the rules in the middle of the game without providing any supporting reasoned explanation for such a change.

They argue there is no basis for the finding that "injury lawyers" violates Rule 7.40. They state that the ads in question do not mention specialization specifically and are completely true. They also assert that the Commission exercised its discretion in an arbitrary and capricious manner because there are a number of other law firms that use a similar phrase to describe their legal concentration. As examples, they cite advertising mentioning "international lawyers", "corporate attorneys", "litigation attorneys", "bankruptcy-debtor-creditor rights attorneys", a "full-service business law firm" and statements about "advance certifications" in many practice areas. Hughes & Coleman also argue that Rule 7.40 is unconstitutionally vague and arbitrary on its face, and that the rule is an abridgement of federal and state rights of free speech and communication.

The Kentucky Bar Association, on behalf of the Advertising Commission, responds with an equally voluminous brief and attached appendices. The KBA states that misleading or deceptive speech is not entitled to First Amendment Protection. It contends that what it labels the trade name "injury lawyer" was misleading because it implied that an injury lawyer was a very special kind of lawyer. The KBA claims that the decision of the Advertising Commission must be upheld to protect the interests of unsophisticated injured persons in need of representation.

The KBA notes that the state has the authority to prohibit advertising that misleads the public to believe that the advertising lawyer is a specialist when he or she is not. Thus, it contends that the Commission did not err in finding that the advertising implies that the attorneys were specialists in injury law and therefore misleading. Further, the KBA asserts that the advertisements are misleading in the context of the time, place and manner in which they are published and that the Commission is not required to present extrinsic evidence that the public has been misled before determining that a proposed advertisement is misleading, or potentially misleading. The KBA also claims that Rule 7.40 is not unconstitutional as a violation of the rights of commercial free speech because it materially advances a substantial state interest and is narrowly drawn to promote such an interest, nor is the rule unconstitutionally vague.

### I. Standard of Review

SCR 3.130(7.07)(4) states:

The standard of review on all appeals shall be that the decision of the Commission shall be affirmed unless the Commission has erred as a matter of law, has made clearly erroneous findings on issues of material fact, or has exercised its discretion in an arbitrary or capricious manner.

 The Advertising Commission is an administrative body vested with quasi-judicial authority. As such it is subject to a qualified form of the doctrine of *stare decisis*. It is axiomatic that an administrative agency either must conform with its own precedents or explain its departure from them. *Ohio Fast Freight, Inc. v. U.S.*, 574 F.2d 316 (6th Cir.1978). An agency changing its course must supply a reasoned analysis indicating that prior policies and standards are being deliberately changed, not casually ignored, and if an agency glosses over or swerves from prior precedents without discussion, it may cross the line from the tolerably terse to the intolerably mute. *Ohio Fast Freight, supra, citing Greater Boston Television Corp. v. F.C.C.*, 444 F.2d 841 (D.C.Cir.

1970). Consequently, while the agency may reexamine its prior decisions and depart from its precedents, it must explicitly and rationally justify such a change of position. *State of Michigan v. Thomas,* 805 F.2d 176 (6th Cir.1986).

Here, the Advertising Commission had allowed the first set of television advertisements to be approved when it did not act on the advertisements within 30 days. The second set was approved in a timely fashion. It was only the third series of ads that was disapproved. Handling the similar television ads differently with no reasons expressed was arbitrary because it is not evident that such a decision was governed by necessity, reason or principle. We must observe that when a regulatory body, directly or indirectly, undertakes the responsibility of restricting constitutionally protected speech, which includes lawyer advertising, it must resolve any doubts in favor of permitting the constitutionally protected speech. Here, the different decisions of the Commission reflect, arguably, a resolution of the doubt against allowing the constitutionally protected speech.

The United States Supreme Court has ordained that lawyer advertising may be tolerated as a form of free speech. *Shapero v. Kentucky Bar Ass'n,* 486 U.S. 466, 108 S.Ct. 1916, 100 L.Ed.2d 475 (1988). Some believe that advertising is necessary in a highly competitive field. Others deplore lawyer advertising as tasteless, boorish and degrading to the legal profession which should be distinguished from a commercial business enterprise.

The Advertising Commission has attempted to be fair in its efforts to recognize such views. We certainly respect such effort. However, the rules must be stable and evenly applied. It is understandable that a lawyer embarking on an advertising campaign incurs some expense of production. The rules governing the administration of advertising should remain the same, be consistent and not unduly burdensome on this legally tolerated activity. Perhaps the advertising rules need further review and refinement. Perhaps the admirable industry of the volunteer membership of the Commission needs to be enlarged. Thoughtful consideration must continually be used in the area of lawyer advertising. We elect not to decide this case on the basis of arbitrariness.

## II. Nonviolation

The decision of the Commission was clearly erroneous because the use of "injury lawyers" does not actually violate Rule 7.40, which states in pertinent part:

A lawyer may communicate the fact that the lawyer does or does not practice in particular fields of law. A lawyer who concentrates in, limits his or her practice to, or wishes to announce a willingness to accept cases in a particular field may so advertise or publicly state in any manner otherwise permitted by these Rules. Any such advertisement or statement shall be strictly factual and shall not contain any form of the words "certified", "specialist", "expert", or "authority." A lawyer shall not state or imply that the lawyer is a specialist except as follows: (examples omitted).

The fundamental predicate of the decision by the Advertising Commission was that the phrase "injury lawyers" implies that the lawyers are specialists in representing injured people. Certainly reasonable minds can differ when considering such an implication. As argued by Hughes & Coleman, they are lawyers who can and do handle injury cases. The ads consequently contain truthful information and the Board and Commission do not challenge such an assertion.

The United States Supreme Court has announced "the disclosure of truthful, rele-

vant information is more likely to make a positive contribution to decision making than is concealment of such information." *Peel v. Attorney Registration and Disciplinary Com'n of Illinois*, 496 U.S. 91, 110 S.Ct. 2281, 110 L.Ed.2d 83 (1990). Here, the ads are descriptive and accurate and thus permitted by the rule in question.

None of the ads use any form of the prohibited phrases such as "certified", "specialist", "expert", or "authority" at any time or in any manner. We are persuaded that they fall into the category of otherwise permitted comments such as "international lawyers", "corporate attorneys", "litigation attorneys", "bankruptcy-debtor-creditor rights attorneys" and "a full service business law firm."

We recognize that the Board of Governors attempted to express its opinion that such statements were equally misleading and in its opinion that such phrases should in the future be prohibited by the Commission. However, a literal reading of the rule does not include a prohibition of such phrases. The Board paints with too broad a brush. The apparent condemnation of such language by the Board produces an inconsistent and contradictory result and leads the Commission and the Board into the arbitrary and capricious morass which is unacceptable.

We have considered all the issues presented by the briefs and do not find it necessary to discuss the questions concerning constitutionality.

Therefore, we reverse the decision of the Board of Governors and the Advertising Commission and direct that the advertisement in question be approved.

All concur.