STATE of Alaska, Hugh Malone, in his Capacity as State Representative and Chairman of the Legislative Council of the State of Alaska, Legislative Council of the State of Alaska, Legislative Affairs Agency of the State of Alaska, and Myrton Charney, Executive Director of the Legislative Affairs Agency of the State of Alaska, Appellants/Cross-Appellees,

v.

Robert DUPERE, President and Owner of Dupere & Associates, Inc., Appellee/Cross-Appellant.

Nos. S–620, S–640.

Supreme Court of Alaska.

July 11, 1986.

---

Virginia B. Ragle, Asst. Atty. Gen., and Harold M. Brown, Atty. Gen., Juneau, for appellants/cross-appellees.

Loren Domke, Juneau, for appellee/cross-appellant.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION ON REHEARING

PER CURIAM.

The State petitions for rehearing from our decision in *State v. Dupere*, 709 P.2d 493 (Alaska 1985), urging us to reconsider our statement that Dupere would still have a "right to a *de novo* trial under AS 09.50.-250 if he disagreed with the administrative decision and brought suit within thirty days of the decision." *Id.* at 497. We granted the petition and now modify our opinion.

The statement quoted above is inconsistent with our holding in *State v. Lundgren Pacific Construction*, 603 P.2d 889 (Alaska 1979). In *Lundgren* we held that former Appellate Rule 45[1] applied to a claim filed in superior court after an adjudication before a contract claims review board and that such an action should be treated as an appeal of an agency decision. *Id.* at 892–93. Therefore, we take this opportunity to modify our opinion in this case as follows:

It would be inefficient to annul the results of the trial and send Dupere back to the administrative level. Although Dupere would have been required to develop the facts of the claim during the administrative proceeding, the superior court would have had the discretion to order a trial *de novo* under Alaska Appellate Rule 609.[2]

---

1. Former Appellate Rule 45 is now found in Appellate Rules 602 and 604. These rules govern the time, notice, and record of an appeal.

2. This passage replaces the sentence at 709 P.2d at 497 which reads:

It would be inefficient to annul the results of the trial and send Dupere back to the administrative level, since he would still have the right to a *de novo* trial under AS 09.50.250 if he disagreed with the administrative decision and brought suit within thirty days of the decision. AS 44.77.040(c).