**ALASKA PUBLIC INTEREST
RESEARCH GROUP,**
Appellant,

v.

**STATE of Alaska and Frank H.
Murkowski, Governor,**
Appellees.

No. S–12341.

Supreme Court of Alaska.

Sept. 7, 2007.

28

Chancy Croft, Chancy Croft Law Office, Anchorage, for Appellant.

Paul R. Lyle, Senior Assistant Attorney General, Fairbanks, Laura C. Bottger, Assistant Attorney General, Anchorage, and David W. Márquez, Attorney General, Juneau, for Appellees.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

## *OPINION*

FABE, Chief Justice.

## I. INTRODUCTION

This appeal raises a constitutional challenge to the creation of the Workers' Compensation Appeals Commission in 2005. The Alaska Public Interest Research Group (AK-PIRG) contends that the establishment of the Appeals Commission violates the separation of powers doctrine implicit in the Alaska Constitution by creating a court in the executive branch and improperly removing jurisdiction from the superior court. The State responds that the creation of the Appeals Commission was simply an exercise of the legislature's article III power to create a quasi-judicial agency. The superior court granted summary judgment to the State, deciding that the Appeals Commission is a quasi-judicial agency. We conclude that establishment of the Appeals Commission does not violate the separation of powers doctrine, but we narrowly construe the statute's provision that decisions of the Appeals Commission have "the force of legal precedent," determining that the decisions are binding only on the Alaska Workers' Compensation Board and the Appeals Commission itself. We also conclude that we have the inherent authority to order a trial de novo when due process requires one.

## II. FACTS AND PROCEEDINGS

The Twenty–Fourth Legislature enacted a number of changes to the Alaska Workers' Compensation Act in chapter 10, FSSLA 2005. The governor sponsored the legislation in response to a perception that workers' compensation insurance rates were too high and were making it difficult for some businesses in the state to continue.[1´] Among the changes was the establishment of the Workers' Compensation Appeals Commission.[2] The Appeals Commission is comprised of five members.[3] One member, the chair, must be an attorney experienced in Alaska workers' compensation law.[4] The other members of the Appeals Commission are equally divided between representatives of employers and employees.[5] Members of the Appeals Commission other than the chair must have served for at least eighteen months on the Alaska Workers' Compensation Board.[6] The members of the Appeals Commission are appointed by the governor and confirmed by a majority of the legislature.[7] Those who want to serve on the Appeals Commission submit their applications to the chief administrative law judge, who chooses the individuals whose names are submitted to the governor for selection.[8] Members of the Appeals Commission are subject to conflict of interest provisions [9] and may only be removed by the governor for good cause.[10]

Under the new statute, the Appeals Commission hears appeals of decisions of the Alaska Workers' Compensation Board;[11] it is the "exclusive and final authority for the . . . determination of all questions of law and fact" [12] arising under the Alaska Workers' Compensation Act,[13] except for an appeal to this court.[14] Three-member panels of the five-member Appeals Commission hear and decide appeals.[15] The statute also provides that unless reversed by this court, decisions of the Appeals Commission have the "force of legal precedent." [16] The statute authorizes the Appeals Commission to adopt regulations implementing its duties, including the adoption of rules of procedure and evidence, in addition to its work reviewing decisions of the Alaska Workers' Compensation Board.[17] It is also able to award reasonable attorney's fees.[18]

AKPIRG filed a suit for declaratory and injunctive relief on September 30, 2005. In its complaint it alleged that the Workers' Compensation Appeals Commission was an "executive court." It further alleged that creation of the Appeals Commission violated article IV of the Alaska Constitution by: (1) improperly removing superior court jurisdiction and granting jurisdiction to the supreme court; (2) creating a court outside the unified judicial system; (3) not following constitutional provisions for the selection of judges; and (4) improperly granting power to the Appeals Commission to make rules governing the administration of the Appeals Commission. AKPIRG asked the superior court to declare the provisions of the statute creating the Appeals Commission "null and void,"

1. Hearing on Senate Bill (S.B.) 130 Before the S. Labor & Commerce Comm., March 8, 24th Leg. (Alaska 2005) (Testimony of Department of Labor and Workforce Development Commissioner Greg O'Claray).

2. AS 23.30.007.

3. AS 23.30.007(b).

4. AS 23.30.007(b)(1) & (c)(2)(B)-(C).

5. AS 23.30.007(b)(2) & (3).

6. AS 23.30.007(c)(1)(D) & (2)(A).

7. AS 23.30.007(b).

8. AS 23.30.007(d).

9. AS 23.30.007(*l* ).

10. AS 23.30.007(j).

11. AS 23.30.127. The superior court no longer has jurisdiction to hear workers' compensation appeals. AS 23.30.129.

12. AS 23.30.008(a).

13. AS 23.30.001–.400.

14. AS 23.30.008(a).

15. AS 23.30.007(i).

16. AS 23.30.008(a).

17. AS 23.30.008(c).

18. AS 23.30.008(d).

enjoin the implementation of those sections of the statute that created the Appeals Commission, and declare that appeals in workers' compensation cases could be filed and heard in the superior court.

About two weeks after AKPIRG filed its complaint, the State moved for summary judgment, asking the superior court to decide as a matter of law that: (1) the Appeals Commission was a properly created quasi-judicial agency under article III, section 22 of the Alaska Constitution, and (2) taking intermediate appellate jurisdiction in workers' compensation cases from the superior court was a valid exercise of legislative power under article IV, section 1 of the Alaska Constitution. On October 21, 2005, AKPIRG filed its own summary judgment motion, seeking an order that sections 8, 40, and 41 of chapter 10, FSSLA 2005 were unconstitutional.[19]

After hearing oral argument on the cross-motions for summary judgment, the superior court granted the State's motion. It decided that the Appeals Commission was a quasi-judicial agency that the legislature properly created under article III, section 22 of the Alaska Constitution. In reaching its decision, the superior court considered the difference between judicial and quasi-judicial functions and the extent to which appellate review was a uniquely judicial function. It determined that there was no constitutional provision for intermediate appellate review by the superior court, so that the legislature could properly limit the superior court's appellate jurisdiction.

AKPIRG appeals.

## III. DISCUSSION

### A. Standard of Review

■ We review a grant of summary judgment de novo.[20] We will affirm a grant of summary judgment when there are no genuine issues of material fact and the prevailing party is entitled to judgment as a matter of law.[21] For questions of constitutional law, we apply our independent judgment.[22] In interpreting the constitution, we adopt "a reasonable and practical interpretation in accordance with common sense based upon the plain meaning and purpose of the provision and the intent of the framers."[23] Statutes are presumed to be constitutional, and the burden of showing that they are unconstitutional is on the party challenging the statute.[24]

### B. The Workers' Compensation Appeals Commission Is a Quasi–Judicial Agency.

■ This case presents two interrelated issues: whether the Workers' Compensation Appeals Commission is a properly created quasi-judicial agency and whether the Appeals Commission represents executive branch encroachment on the power of the judiciary, in violation of the separation of powers doctrine. The parties agree that there are no factual disputes. We conclude that the legislature acted within its constitutional authority in creating the Appeals Commission and that, with some limiting construction of the statute, the authority of the Appeals Commission does not encroach on the judicial branch.

■ We have recognized that the separation of powers and its complementary doc-

**19.** Chapter 10, § 8, FSSLA 2005 became AS 23.30.007–.009, which create the Workers' Compensation Appeals Commission; chapter 10, § 40, FSSLA 2005 became the revised AS 23.30.125, which provides for appeals from Board decisions to the Appeals Commission; chapter 10, § 41, FSSLA 2005 became AS 23.30.127–.129, which deal with Appeals Commission proceedings and judicial review of commission decisions.

**20.** *State, Dep't of Health & Soc. Servs. v. Planned Parenthood of Alaska, Inc.,* 28 P.3d 904, 908 (Alaska 2001).

**21.** *Rockstad v. Erikson,* 113 P.3d 1215, 1219 (Alaska 2005).

**22.** *Planned Parenthood,* 28 P.3d at 908.

**23.** *Alaska Legislative Council v. Knowles,* 21 P.3d 367, 370 (Alaska 2001) (internal quotations omitted) (citing *Cook v. Botelho,* 921 P.2d 1126, 1128–29 (Alaska 1996)).

**24.** *State, Dep't of Revenue v. Andrade,* 23 P.3d 58, 71 (Alaska 2001).

trine of checks and balances are part of the constitutional framework of this state.[25] The separation of powers doctrine is derived from the distribution of power among the three branches of government.[26] The Alaska Constitution vests legislative power in the legislature; executive power in the governor; and judicial power in the supreme court, the superior court, and additional courts as established by the legislature.[27] The separation of powers doctrine limits the authority of each branch to interfere in the powers that have been delegated to the other branches.[28] The purposes of the separation of powers doctrine are to preclude the exercise of arbitrary power and to safeguard the independence of each branch of government.[29]

In determining whether creation of the Appeals Commission violates the separation of powers, we examine the nature of the power that the legislature granted to the Appeals Commission.[30] We also examine which branch of government is assigned this power in the constitution and whether the constitution suggests that the power is to be shared by two branches.[31] Finally, we must determine whether the limits of any express grant have been exceeded or present an encroachment on another branch.[32]

 The parties here agree that the function of the Appeals Commission—hearing appeals—is adjudication, which is primarily a judicial function.[33] Although the Alaska Constitution vests judicial power in the courts, it also explicitly envisions legislatively created quasi-judicial agencies within the executive branch.[34]

Article III, section 22 of the Alaska Constitution provides: "Regulatory, quasi-judicial, and temporary agencies may be established by law. . . ." But the constitution contains no definition of "quasi-judicial" agency. Delegates to the Constitutional Convention, in discussing whether to include quasi-judicial agencies in the new Alaskan government, looked at a dictionary definition of "quasi-judicial" as "designating an act or proceeding of or before an administrative tribunal or official of the general nature of a judicial act or proceeding but not within the judicial power as defined under the Constitution."[35] The delegates debated the advantages that quasi-judicial bodies might offer, such as specialization and expertise, and the disadvantages, such as the potential for abuses of power.[36] The delegates saw two checks on the power of quasi-judicial agencies: the legislature, which could hear citizen complaints about agencies, and the courts, which could "rise up and destroy" an intrusion on judicial powers.[37]

AKPIRG contends that the creation of the Appeals Commission improperly takes judicial power from the judicial branch and delegates that power to the executive. The State counters that the Appeals Commission is simply another quasi-judicial agency, creation of which is within the constitutional power of the legislature.

## 1. Delegation of judicial function

 The legislature may constitutionally delegate some adjudicative power to an

---

**25.** *Planned Parenthood*, 28 P.3d at 913 (citing *State v. Dupere*, 709 P.2d 493, 496 (Alaska 1985), *modified*, 721 P.2d 638 (1986)).

**26.** *Bradner v. Hammond*, 553 P.2d 1, 5 (Alaska 1976).

**27.** *Id.* at 6.

**28.** *See Abood v. League of Women Voters*, 743 P.2d 333, 338 (Alaska 1987).

**29.** *Bradner*, 553 P.2d at 6.

**30.** *Id.*

**31.** *Id.* at 6–7.

**32.** *Id.* at 7–8.

**33.** As some courts have discussed, however, the other branches of government may at times perform adjudication in the exercise of their powers. *Mulhearn v. Fed. Shipbuilding & Dry Dock Co.*, 2 N.J. 356, 66 A.2d 726, 730 (1949); *State ex rel Attorney Gen. v. Hawkins*, 44 Ohio St. 98, 5 N.E. 228, 234 (1886).

**34.** Alaska Const. art. III, § 22.

**35.** 3 Proceedings of the Alaska Constitutional Convention (PACC) 2206 (January 14, 1956).

**36.** *Id.* at 2204–09.

**37.** *Id.* at 2205, 2209.

executive agency, but it may not delegate judicial power.[38] The attempt to distinguish between a judicial function, which cannot be delegated, and a quasi-judicial function, which can be, is not new. In his treatise on state administrative law, Professor Frank Cooper notes that in delegation cases, courts have tried to distinguish "purely" legislative or judicial functions from quasi-legislative or quasi-judicial functions and concludes that no court has successfully distinguished the two.[39] Although there is not a clear line of demarcation, courts have looked at several factors in analyzing whether a particular delegation of power to an administrative agency is constitutional. Among the factors are the limited jurisdiction of administrative agencies, the lack of finality of agency decisions, the availability of judicial review, and the amount of discretion available to an agency.

### a. Limited jurisdiction

■■■■ One factor that courts rely on to determine that an agency exercises only quasi-judicial authority is the limited jurisdiction of the administrative agency.[40] One of the policy justifications for the existence of administrative adjudication is that as a result of their limited jurisdiction, administrative agencies are able to develop exper-

tise in a narrow area.[41] Some courts have decided that a grant of judicial power to an administrative agency is acceptable when the administrative body "resolve[s] factual issues underlying a purely statutory right." [42] Administrative agencies do not have jurisdiction to decide issues of constitutional law.[43] Delegation to an administrative agency is upheld as long as the administrative tribunal stays within the bounds of its authority.[44]

■■■■ The Appeals Commission's jurisdiction is limited to "hearing and determination of all questions of law and fact" arising under the Alaska Workers' Compensation Act in matters that have been appealed to the Appeals Commission.[45] The scope of its jurisdiction is not that different from the Board's jurisdiction,[46] except that the Appeals Commission performs a quasi-judicial function that is akin to appellate review, while the Board performs a quasi-judicial function that resembles that of a trial court. We recognize that the Appeals Commission, like the Board, may be required to apply equitable or common law principles in a specific case,[47] but both of these quasi-judicial agencies can only adjudicate in the context of a workers' compensation case. Neither the Appeals Commission nor the Board has juris-

**38.** See Crowell v. Benson, 285 U.S. 22, 49–50, 52 S.Ct. 285, 76 L.Ed. 598 (1932); cf. Bradner, 553 P.2d at 5–7 (relying on federal cases to interpret separation of powers).

**39.** 1 Frank Cooper, State Administrative Law 50–51 (1965); see also F. Scott Boyd, Florida's ALJs: Maintaining a Different Balance, 24 J. Nat'l Ass'n Admin. L. Judges 175, 187–88 (2004) (noting difficulty in distinguishing quasi-judicial from judicial power, especially in areas like workers' compensation where adjudication of claims was once performed by courts).

**40.** See Crowell, 285 U.S. at 54, 52 S.Ct. 285; see also Dee Enters. v. Indus. Claim Appeals Office of State of Colo., 89 P.3d 430, 434 (Colo.App. 2003) (noting that the legislature granted administrative law judges and the Industrial Claim Appeals Office limited jurisdiction to make decisions in workers' compensation cases).

**41.** Alan B. Morrison, Administrative Agencies Are Just Like Legislatures and Courts—Except When They're Not, 59 Admin. L.Rev. 79, 101 (2007) (identifying agency expertise as one reason that Congress has assigned certain proceedings to administrative rather than judicial adjudication).

**42.** McKay v. N.H. Comp. Appeals Bd., 143 N.H. 722, 732 A.2d 1025, 1029 (1999).

**43.** Dougan v. Aurora Elec., Inc., 50 P.3d 789, 795 n. 27 (Alaska 2002).

**44.** See Quam v. State, 391 N.W.2d 803, 809 (Minn.1986) (holding that Minnesota Workers' Compensation Court of Appeals violated the separation of powers doctrine by deciding an issue outside the scope of its jurisdiction).

**45.** AS 23.30.008(a).

**46.** DeNuptiis v. Unocal Corp., 63 P.3d 272, 277 (Alaska 2003) (noting that the Board has broad powers to administer the Alaska Workers' Compensation Act, including authority to formulate policy and interpret statutes).

**47.** See Blanas v. Brower, 938 P.2d 1056, 1062 (Alaska 1997) (holding that Board has authority to set aside settlement agreements based on fraud); Wausau Ins. Cos. v. Van Biene, 847 P.2d 584, 588 (Alaska 1993) (holding that Board can apply equitable principles to prevent an employer from asserting a statutory right).

diction to hear any action outside of a workers' compensation claim.[48]

Although AKPIRG's main argument is that the Appeals Commission has usurped a judicial function and therefore cannot really be a quasi-judicial agency, it does not appear that AKPIRG argues that all administrative appellate review is unconstitutional. AKPIRG lists the Board's authority to hear appeals from decisions of the reemployment benefits administrator (RBA) as one of the Board's functions. In appeals from a decision of the RBA, the Board is limited by statute to reviewing the action for abuse of discretion.[49] AKPIRG does not attack the Board's appellate authority as an excessive delegation and does not explain why a delegation of appellate review to the Appeals Commission would be suspect when a delegation of a similar, though narrower, function to the Board is permissible.

The superior court considered whether appellate review is a uniquely judicial function and decided that it was not. In Alaska, multi-level agency review is used in unemployment claims[50] as well as contract claims against the state.[51] Decisions of fair hearing officers in public assistance cases must be reviewed by the division director before they can be appealed to the court.[52] The procedures used by the Appeals Commission may be more formal and more closely resemble the courts' procedures, but that does not render them unconstitutional.

 AKPIRG also urges us to declare the Appeals Commission a court because its function, to review Board decisions, was formerly performed by the superior court. The fact that an administrative body performs a function previously performed by a court does not automatically make it a court. Several years after Congress amended the Longshoremen's and Harbor Workers' Compensation Act to provide for administrative appellate review by the Benefits Review Board and judicial review by the United States Courts of Appeal, two members of the Benefits Review Board, who had been removed from their positions, claimed that the Benefits Review Board was in fact an Article III court, in part because its review function replaced a function that had previously been performed by the District Court.[53] In deciding that the Benefits Review Board was not an Article III court, the D.C. Circuit observed, "Article III requires only that the ultimate 'judicial power' be reserved in the Article III courts; it does not require that all adjudicative bodies exercising the review 'standards' that Article III courts exercise be constituted as Article III courts."[54] Similarly, the fact that the Appeals Commission reviews Board decisions and uses standards of review and procedures that closely parallel those of the court does not make the Appeals Commission a court. The Appeals Commission's limited jurisdiction supports the conclusion that it is a quasi-judicial agency rather than a court.

### b. Enforcement of orders

 Another factor that courts have looked at in assessing the constitutionality of an agency's power is whether an agency can enforce an order that it creates.[55] As we recognized in a previous separation of powers case, "the essence of judicial power is the final authority to render and enforce a judgment."[56] Neither the Appeals Commission nor the Board has the ability to enforce its own orders. AKPIRG contends that after the legislature removed the superior court's jurisdiction to hear workers' compensation

---

**48.** AS 23.30.005(h); AS 23.30.008(a); AS 23.30.110.

**49.** AS 23.30.041(d).

**50.** AS 23.20.340; AS 23.20.410–.470.

**51.** AS 36.30.620; AS 36.30.625; AS 36.30.630(b); AS 36.30.675; AS 36.30.680.

**52.** 7 Alaska Administrative Code (AAC) 49.220–.230 (2004).

**53.** *Kalaris v. Donovan,* 697 F.2d 376, 386 (D.C.Cir.1983).

**54.** *Id.* at 387.

**55.** *Keyes v. Humana Hosp. Alaska, Inc.,* 750 P.2d 343, 356–57 (Alaska 1988); *Dee Enters.,* 89 P.3d at 434; *State ex rel. Keasling v. Keasling,* 442 N.W.2d 118, 121 (Iowa 1989).

**56.** *Keyes,* 750 P.2d at 356 (citations omitted).

appeals, this court alone can enforce Board or Appeals Commission orders. We disagree. The superior court retains jurisdiction to compel compliance with Board subpoenas [57] and to enter judgments when a party to a workers' compensation proceeding defaults on payment of a compensation order.[58] The superior court's authority to enter a judgment when an employer defaults on payments is independent of its power to hear appeals.[59] In addition, nothing deprives the superior court of jurisdiction to hear declaratory actions related to the Alaska Workers' Compensation Act.[60] Because the Appeals Commission cannot enforce its own orders, it lacks one of the essential attributes of a court.

### c. Agency discretion

■■■ Delegation of power to an administrative agency is more likely to be found constitutional if the grant of power minimizes agency discretion.[61] For example, in workers' compensation cases, the amount of benefits is set by statute so that the Board has minimal discretion in awarding benefits as compared to a jury awarding tort damages.[62]

Courts also sometimes look at whether the area of delegation is one that historically has been subject to administrative regulation.[63] Workers' compensation is an area of law that has been subject to administrative adjudication for a considerable period of time.[64] The Alaska Workers' Compensation Board was created in 1959, the same year that Alaska became a state.[65] AKPIRG does not question the Board's power to perform a quasi-judicial function. The Appeals Commission has no more discretion to award damages than the Board since its jurisdiction is limited to review of Board decisions. This lack of discretion weighs in favor of the Appeals Commission being a quasi-judicial agency rather than a court.

### d. Judicial review

■■ Courts have also looked at the availability of judicial review in determining whether an agency has been properly delegated quasi-judicial authority.[66] We have found a right to judicial review of agency action in the absence of an explicit statutory provision [67] and a right to limited review even

---

**57.** AS 23.30.005(h).

**58.** AS 23.30.170.

**59.** AS 22.10.020(d); AS 23.30.170.

**60.** AS 22.10.020(g).

**61.** *See State v. Fairbanks N. Star Borough*, 736 P.2d 1140, 1143 (Alaska 1987) (holding delegation of sweeping power to governor with no guidance unconstitutional as an excessive delegation of power); *Jersey Maid Milk Prods. Co. v. Brock*, 13 Cal.2d 620, 91 P.2d 577, 595–96 (1939).

**62.** AS 23.30.175–.225 provide for the rates of workers' compensation benefits in Alaska. In contrast, the trier of fact has broad discretion in awarding damages under Alaska's wrongful death statute. *State v. Phillips*, 470 P.2d 266, 271 (Alaska 1970); *see also* 22 AM.JUR.2D *Damages* § 125 (2003).

**63.** *See Boehl v. Sabre Jet Room, Inc.*, 349 P.2d 585, 588–89 (Alaska 1960) (noting history of broad administrative control in regulating alcoholic beverages in support of broad delegation of rule-making authority to administrative agency).

**64.** *See Crowell v. Benson*, 285 U.S. 22, 51–52, 52 S.Ct. 285, 76 L.Ed. 598 (1932) (upholding constitutionality of agency adjudication of workers'

compensation claims for maritime workers); *Mulhearn v. Fed. Shipbuilding & Dry Dock Co.*, 2 N.J. 356, 66 A.2d 726, 727 (1949) (noting that workers' compensation claims were initially heard by judges before establishment of an administrative agency). The constitutionality of administrative adjudication in workers' compensation has been used to justify administrative adjudication in other areas. *See Plasti-Line, Inc. v. Tenn. Human Rights Comm'n*, 746 S.W.2d 691, 693 (Tenn.1988).

**65.** Ch. 193, SLA 1959. Even before statehood, an administrative body heard workers' compensation claims. The Seventeenth Territorial Legislature created the Alaska Industrial Board. Ch. 9, § 36, SLA 1946. Among the Board's powers was the adjudication of disputed workers' compensation claims. Ch. 9, § 15, SLA 1946.

**66.** *See Ky. Comm'n on Human Rights v. Fraser*, 625 S.W.2d 852, 855 (Ky.1981); *Nev. Indus. Comm'n v. Reese*, 93 Nev. 115, 560 P.2d 1352, 1355 n. 6 (1977) (noting that administrative adjudication of workers' compensation claims has generally been upheld as constitutional, "provided that there is the customary judicial review").

**67.** *Alyeska Ski Corp. v. Holdsworth*, 426 P.2d 1006, 1011–12 (Alaska 1967) (holding that determinations of the Director of Division of Lands

in cases where the legislature has precluded judicial review.[68] Decisions of the Appeals Commission are subject to judicial review by this court, so judicial review is available.[69]

■ AKPIRG contends that the legislature may not constitutionally provide for direct appeals from administrative agency decisions to this court because article IV, section 2 of the Alaska Constitution provides that the supreme court has "final appellate jurisdiction." But we agree with the State's argument that this court can have both initial and final jurisdiction to hear administrative appeals, just as it has initial and final jurisdiction to hear civil appeals from the superior court.[70] AKPIRG points to no authority that there is a right of intermediate appellate review in agency decisions or otherwise, and we find none in the Alaska Constitution. Superior court review of administrative agency decisions is a statutory, not a constitutional, right, even though the separation of powers doctrine and principles of due process require an opportunity for judicial review. The court reviewing the administrative action does not need to be the superior court, however.

Among the goals of the legislature in changing the Workers' Compensation Act were decreasing costs and speeding the processing of claims. The Appeals Commission was created to help achieve these goals: it was intended to provide "consistent, legally precedential decisions in an expeditious manner."[71] The legislature hoped that the Appeals Commission would provide necessary expertise and thereby improve the appeals process. Other states have workers' compensation systems similar to that which was

created by chapter 10, FSSLA 2005. At the request of the superior court, the State provided information about five other states with direct appeals to their supreme courts in workers' compensation appeals. A number of other states have workers' compensation statutes which have two-tier administrative decisionmaking, with initial determinations reviewed within the agency or department, followed by judicial review by an appellate court.[72]

■ We are not aware of any successful constitutional challenge to a similarly structured workers' compensation appellate procedure. Constitutional challenges to similar statutes were rejected in New Hampshire[73] and Kansas.[74] Because the Appeals Commission has limited jurisdiction and discretion and because its decisions are subject to judicial review, the legislature validly delegated quasi-judicial power to the Appeals Commission.

AKPIRG contends that because the legislature did not explicitly call the Appeals Commission a "quasi-judicial" agency as it did when it created the Office of Tax Appeals in the Department of Administration, the Appeals Commission is not in fact a quasi-judicial agency. A comparison to the Alaska Workers' Compensation Board shows that AKPIRG's argument is flawed. The Alaska Workers' Compensation Board was an early quasi-judicial agency, created by the legislature in 1959.[75] At the time of its creation, it was not explicitly labeled a quasi-judicial agency, yet we have recognized that it is

and the Commissioner of Natural Resources are subject to judicial review).

68. *K & L Distribs., Inc. v. Murkowski,* 486 P.2d 351, 357 (Alaska 1971).

69. AS 23.30.129(a).

70. AS 22.05.010.

71. 2005 Senate Journal 465.

72. AKPIRG does not challenge the State's assertion that thirty-four states "use some form of a board or commission or specialized appeal panel to address the first level of appeal from an initial

decision." A number of states provide for judicial review to an appellate court rather than a trial court. *See, e.g.,* Colo.Rev.Stat. Ann. § 8–43–301(2003); Conn. Gen.Stat. Ann. §§ 31–301, 31–301b (2003); Kan. Stat. Ann. §§ 44–555c, 44–556 (2000); Mich. Comp. Laws Ann. §§ 418.859a, 418.861a (1999); Or.Rev.Stat. §§ 656.289–.298 (2005).

73. *McKay v. N.H. Comp. Appeals Bd.,* 143 N.H. 722, 732 A.2d 1025 (1999).

74. *Gleason v. Samaritan Home,* 260 Kan. 970, 926 P.2d 1349 (1996).

75. Ch. 193, SLA 1959.

one.[76] AKPIRG does not question the Board's status as a quasi-judicial agency or the legitimacy of its power: in fact, AKPIRG uses the Board as a model quasi-judicial agency with which to compare the Appeals Commission.

■■■■ AKPIRG also argues that the Appeals Commission cannot be considered a valid quasi-judicial agency because of its limited function. It alleges that the only power delegated to the Appeals Commission is the authority to hear appeals in workers' compensation cases. While it is true that the Appeals Commission has a more limited function than the Board, its limited function does not disqualify it as a quasi-judicial agency.[77] Delegates to the Constitutional Convention appeared to be more concerned that the scope of powers delegated to a quasi-judicial agency would be too broad, rather than too narrow.[78] Furthermore, the Appeals Commission, like other quasi-judicial agencies, is empowered to adopt regulations consistent with its function.[79] It can also hold hearings and receive evidence on a limited number of issues.[80] The legislature acted within the authority to create quasi-judicial agencies accorded to it by the constitution when it established the Appeals Commission.

**76.** Ch. 193, §§ 2, 25, SLA 1959; *Wausau Ins. Cos. v. Van Biene*, 847 P.2d 584, 587 (Alaska 1993) (citing *Hood v. State, Workmen's Comp. Bd.*, 574 P.2d 811, 813 (Alaska 1978)).

**77.** *See Kalaris*, 697 F.2d at 389 (noting that Congress could place limited function of Benefits Review Board in an executive agency).

**78.** 3 PACC 2207 (January 14, 1956).

**79.** AS 23.30.008(c).

**80.** AS 23.30.128(c).

**81.** Alaska Const. art. III, § 22 provides:
All executive and administrative offices, departments, and agencies of the state government and their respective functions, powers, and duties shall be allocated by law among and within not more than twenty principal departments, so as to group them as far as practicable according to major purposes. Regulatory, quasi-judicial, and temporary agencies may be established by law and need not be allocated within a principal department.
Alaska Const. art. III, § 23 provides:

## C. The Organization of the Appeals Commission Is Permissible.

AKPIRG implies that the legislature could not validly create a quasi-judicial agency independent of the Board to review Board decisions. The constitution grants the legislature and the executive broad power to organize administrative bodies.[81] We have also recognized that the legislature has constitutional power to allocate executive department functions and duties among the different administrative bodies within state government.[82] In this case, even though the legislature made the Appeals Commission independent of the Board, both of them are within the same executive department, the Department of Labor and Workforce Development.[83]

■■■ The administrative structure adopted by the legislature for the Appeals Commission is not unique among the states. Minnesota's Workers' Compensation Court of Appeals is an independent agency within the executive branch and by statute is required to maintain its offices in a building separate from the Minnesota Department of Labor and Industry.[84] The federal government has established independent commissions for ad-

The governor may make changes in the organization of the executive branch or in the assignment of functions among its units which he considers necessary for efficient administration. Where these changes require the force of law, they shall be set forth in executive orders. The legislature shall have sixty days of a regular session, or a full session if of shorter duration, to disapprove these executive orders. Unless disapproved by resolution concurred in by a majority of the members in joint session, these orders become effective at a date thereafter to be designated by the governor.

**82.** *Capital Info. Group v. State, Office of the Governor*, 923 P.2d 29, 40 (Alaska 1996).

**83.** AS 23.30.002; AS 23.30.005; AS 23.30.007(a).

**84.** Minn.Stat. Ann. §§ 175A.01, 175A.04 (2006). Michigan's Workers' Compensation Appellate Commission is also an autonomous entity, but it is permitted to share offices with the Department of Labor. Mich. Comp. Laws Ann. § 418.274 (1999).

ministrative adjudication[85] and also has administrative appellate review within an executive department by different sections of the department.[86] While the Appeals Commission may be the first Alaskan administrative agency to have the limited function and structure that it does, we conclude that the organization that the legislature chose does not violate the separation of powers doctrine.

### D. Appeals Commission Decisions Have Precedential Value Only for the Appeals Commission and the Board.

▮▮▮ The State contends that the Appeals Commission is not the first level of judicial review, but merely a second layer of administrative adjudication; according to the State, the Appeals Commission simply renders the final agency decision for purposes of judicial review. AKPIRG argues that the Appeals Commission is not needed to add finality because the Board's decisions are already final. It asserts that the result of creation of the Appeals Commission is to give administrative adjudication legally precedential effect. AKPIRG's argument misconstrues the concept of final agency action. Nothing requires an appeal to the Appeals Commission; if parties are satisfied with a Board decision, that decision is final as to the parties and

binds them, just as a Board decision bound them under prior law.[87] What the 2005 amendment changed is the way in which an administrative decision in a workers' compensation case becomes final for purposes of judicial review.

▮▮▮ Only final administrative orders are subject to judicial review.[88] The legislature may require compliance with specific procedures for an order to be final for purposes of review.[89] Here, the legislature decided that final agency action for a workers' compensation case now must be an Appeals Commission decision, not a Board decision.[90] However, if a party does not want to appeal the Board decision, it need not do so; the Board decision is then final.[91]

AKPIRG argues that the legislature acted improperly in creating the Appeals Commission, staffing it with a majority of non-lawyers, yet giving the decisions of the Appeals Commission the force of legal precedent.[92] It also asserts that the acceptance of the State's argument results in affording legally precedential value to decisions of an executive agency but not the superior court. But examination of administrative law principles shows that the powers explicitly granted to the Appeals Commission are similar to pow-

---

85. Congress established the Federal Mine Safety and Health Review Commission to hear challenges to enforcement of the Federal Mine Safety and Health Amendments Act of 1977; it is independent of the Department of Labor. *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 202–04, 114 S.Ct. 771, 127 L.Ed.2d 29 (1994).

86. In federal workers' compensation cases, administrative appeals are heard by the Benefits Review Board, which is within the Office of the Deputy Secretary of the Department of Labor. 33 U.S.C. § 921(b); 20 C.F.R. § 801.103 (2006). The Benefits Review Board reviews decisions by the Employment Standards Administration of the Department of Labor. 20 C.F.R. § 801.103 (2006). By placing the Benefits Review Board in a different section of the Department of Labor from the section where administrative law judges worked, the Secretary of Labor was "attempting to insulate the Board from those who would be subject to its review." *Kalaris*, 697 F.2d at 391. This administrative structure was determined to be constitutional. *Id.* at 397–401. Another example of two-tier administrative review in the federal system is the Board of Indian Appeals in the Department of Interior, which hears appeals

of certain decisions of the Bureau of Indian Affairs as part of its administrative appellate jurisdiction. 43 C.F.R. § 4.1(a)(2) (2006).

87. AS 23.30.125(a).

88. AS 23.30.129(a); AS 44.62.560(a). The administrative adjudication procedures of the Administrative Procedure Act do not apply to the Appeals Commission. AS 23.30.128(d).

89. 2 RICHARD J. PIERCE, JR., ADMINISTRATIVE LAW TREATISE § 15.11 (4th ed.2002).

90. AS 23.30.125(b); AS 23.30.129.

91. AS 23.30.125(a).

92. AKPIRG's argument that the legislature evaded the intent of the constitution in bypassing the judicial selection process is without merit. Because we determine that the Appeals Commission is a quasi-judicial agency, its members are not subject to the judicial selection process set out in the Alaska Constitution.

ers already exercised by non-attorneys in quasi-judicial agencies, including the Board.

■ The Board is composed of eighteen members, who are equally divided between representatives of labor and industry.[93] Nothing requires that Board members be attorneys. Until the creation of the Appeals Commission, the Board was the administrative body responsible for interpretation of the Alaska Workers' Compensation Act, both through its quasi-legislative function of promulgating regulations and its quasi-judicial function of adjudicating claims.[94] Administrative agencies can set policy through adjudication, as well as rulemaking.[95] While there has never been a statutory provision that Board decisions have precedential effect, the Board has looked to its prior decisions in deciding individual cases.[96] As a result, the decisions of Board panels had some intra-agency precedential effect. And while we have not had occasion to address this exact issue, some courts have held that administrative agencies, while not strictly subject to the doctrine of stare decisis, nonetheless must act consistently with their prior adjudications or explain why they do not.[97] If administrative agencies did not adhere to some loose

form of precedent, their actions could easily appear arbitrary.[98] In fact, cases disapproving administrative action for failing to follow agency precedent have found the agency action arbitrary.[99] In sum, the Board, which may be composed of a majority of non-lawyers, already uses agency adjudication as some form of precedent to establish policy.[100]

■ Non-lawyers in administrative agencies can also interpret statutes by promulgating regulations.[101] In reviewing administrative action, we give deference to an agency's interpretation of a statute when the question involves fundamental policy decisions or administrative expertise.[102] In so doing, we in effect give some power to non-lawyers to interpret the law. There is nothing new in giving non-lawyers some interpretive authority in determining the meaning of a statute through administrative agency action.

■ Alaska Statute 23.30.008 potentially goes beyond these settled legal principles by providing that decisions of the Appeals Commission have the force of legal precedent unless reversed by this court.[103]

93. AS 23.30.005(a).

94. *DeNuptiis v. Unocal Corp.*, 63 P.3d 272, 277 (Alaska 2003).

95. *Amerada Hess Pipeline Corp. v. Alaska Pub. Utils. Comm'n*, 711 P.2d 1170, 1178 (Alaska 1986).

96. *See, e.g., Stempniak v. Pioneer Alaskan Fisheries, Inc.*, AWCB Decision No. 95–0012 (Feb. 7, 1995) (relying on *Williams v. Cal Worthington Ford*, AWCB Decision No. 93–0254 (Oct. 13, 1993) to determine whether claimant changed physicians); *Nickerson v. Alaska Airlines*, AWCB Decision No. 06–0330 (Dec. 18, 2006) (relying on past Board decisions for proposition that participation in a second independent medical evaluation tolls the statute of limitations).

97. *In re Hughes & Coleman*, 60 S.W.3d 540, 543 (Ky.2001); *Steiner Corp. v. Auditing Div. of Utah State Tax Comm'n*, 979 P.2d 357, 361 (Utah 1999).

98. 2 RICHARD J. PIERCE, JR., ADMINISTRATIVE LAW TREATISE § 11.5 (4th ed.2002).

99. *Wolchuck v. Bowen*, 871 F.2d 869, 875 (9th Cir.1989); *In re Charles A. Field Delivery Serv., Inc.*, 66 N.Y.2d 516, 498 N.Y.S.2d 111, 488

N.E.2d 1223, 1227 (N.Y.1985); *cf. United Utils., Inc. v. Alaska Pub. Utils. Comm'n*, 935 P.2d 811, 815 (Alaska 1997) (noting that APUC considered applications in accordance with its prior decisions).

100. *See Bloom v. Tekton, Inc.*, 5 P.3d 235, 238 (Alaska 2000) (discussing genesis of agency policy about substitution of physicians).

101. *O'Callaghan v. Rue*, 996 P.2d 88, 94–95 (Alaska 2000).

102. *Alyeska Pipeline Serv. Co. v. DeShong*, 77 P.3d 1227, 1231 (Alaska 2003).

103. AS 23.30.008(a) provides:

The commission shall be the exclusive and final authority for the hearing and determination of all questions of law and fact arising under this chapter in those matters that have been appealed to the commission, except for an appeal to the Alaska Supreme Court. The commission does not have jurisdiction in any case that does not arise under this chapter or in any criminal case. On any matter taken to the commission, the decision of the commission is final and conclusive, unless appealed to the Alaska Supreme Court, and shall stand in

This provision could be read to encroach on judicial functions if it meant that decisions of the Appeals Commission could serve as precedent for courts or other administrative agencies. Even though courts currently defer to an agency's interpretation of a statute in questions of fundamental policy, the judiciary exercises its independent judgment when there is a question of law that does not involve agency expertise.[104] Courts also retain the authority to set aside an agency's interpretation of the law, even if it involves a fundamental policy question, if the agency interpretation is unreasonable.[105]

■ The State responds to AKPIRG's argument by asserting that Appeals Commission decisions "are binding legal precedent only in the sense that commission decisions bind the appeals commission and the compensation board." However, nothing on the face of the statute limits the precedential value of the decisions in this way. The Appeals Commission provides an additional layer of administrative adjudication in workers' compensation claims. It is constitutionally permissible for the legislature to direct that the Board must adhere to Appeals Commission decisions and that the Appeals Commission must give precedential effect to its own decisions.[106] But the legislature cannot constitutionally require the courts to give precedential value to Appeals Commission decisions.

■ The judiciary alone among the branches of government is charged with interpreting the law.[107] To give an administrative agency decision precedential value in a way that binds the courts or even other agencies would undermine the notion of judicial review. Judicial review of legal questions is one of the fundamental principles that underpins the notion that administrative adjudication is constitutional.[108] Any attempt to undermine independent judicial review of agency action cannot be constitutional. To better understand this statutory provision, we explore what the doctrine of precedent entails and the reasons that the legislature may have included this provision in the statute.

■ The doctrine of precedent is a common law doctrine under which courts are bound by prior decisions in their consideration of new cases.[109] Precedent is a judge-made rule designed to constrain judicial decisionmaking by requiring that prior decisions with similar relevant facts be followed or, if they are not followed, that the reasons for departing from the prior rule be explained.[110] Two types of stare decisis have been identified: horizontal stare decisis and vertical stare decisis.[111] Horizontal stare decisis binds the issuing court to its own prior decisions.[112] Vertical stare decisis requires that courts of lower rank follow decisions of higher courts.[113] Vertical stare decisis has a

lieu of the order of the board from which the appeal was taken. Unless reversed by the Alaska Supreme Court, decisions of the commission have the force of legal precedent.

104. *Rydwell v. Anchorage Sch. Dist.*, 864 P.2d 526, 528 (Alaska 1993).

105. *DeNuptiis*, 63 P.3d at 277.

106. *See Capital Info. Group v. State, Office of the Governor*, 923 P.2d 29, 40 (Alaska 1996) (recognizing legislature's constitutional power to allocate executive department functions and duties).

107. *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is.").

108. *Crowell*, 285 U.S. at 49–50, 52 S.Ct. 285.

109. *Joseph v. State*, 26 P.3d 459, 468 (Alaska 2001) (citing *State v. Coon*, 974 P.2d 386, 394 (Alaska 1999)).

110. 20 Am.Jur. 2nd *Courts* § 129 (2005). Some commentators distinguish between stare decisis and precedent, viewing stare decisis as the "strict adherence to the doctrine of precedent." Polly J. Price, *Precedent and Judicial Power After the Founding*, 42 B.C. L.Rev. 81, 105 (2000). Others use the terms interchangeably. Michael Sinclair, *Precedent, Super–Precedent*, 14 Geo. Mason L.Rev. 363, 363 n. 3 (2007). We will use the terms interchangeably because the distinction is not critical for our discussion.

111. *State v. Menzies*, 889 P.2d 393, 399 n. 3 (Utah 1994); Michael Sinclair, *What is the "R" in IRAC?*, 46 N.Y.L. Sch. L.Rev. 457, 486 (2002–2003).

112. *Menzies*, 889 P.2d at 399 n. 3.

113. *Sanford v. Clear Channel Broad., Inc.*, 14 Neb.App. 908, 719 N.W.2d 312, 319 (2006).

stronger effect, in that lower courts generally cannot overrule decisions of higher courts, whereas a court may, given adequate reasons to do so, overrule itself.[114]

 Precedent goes beyond the related principles of res judicata and collateral estoppel and serves a different purpose. Res judicata, or claim preclusion, and collateral estoppel, or issue preclusion, bind the parties and their privies to factual findings, as well as legal conclusions, that have been the subject of prior litigation.[115] The goal of res judicata and collateral estoppel is finality: both doctrines "aim to prevent parties from again and again attempting to reopen a matter that has been resolved by a court of competent jurisdiction."[116] When a decision is precedent, that decision binds other parties in similar, not necessarily identical, circumstances to the legal conclusions of the precedential decision.[117] Precedent serves several purposes.[118] One goal of precedent is to narrow issues that need to be litigated, thus making litigation less costly and time consuming. As we have previously noted, "no judicial system could do society's work if it eyed each issue afresh in every case that raised it."[119] Adherence to precedent also ensures that litigants have an understanding of the rules that may be applied to their actions.[120] Finally, and perhaps most importantly, precedent "maintain[s] public faith in the judiciary as a source of impersonal and reasoned judgments."[121]

 We have already determined that the principles of res judicata and collateral estoppel apply in administrative proceedings. We have held that principles of res judicata apply to Board proceedings to foreclose relitigation of the same issues between the same parties.[122] We have also held that administrative agency decisions can have preclusive effect on later court proceedings, so that if a party participates in an administrative adjudication, the administrative adjudication may foreclose the possibility of a later lawsuit on the same factual issues.[123] But when the courts evaluate an agency interpretation of a statute using the reasonable basis test, we do not accept the agency's interpretation as binding and do not use the same analysis to overrule an agency's interpretation of a statute that we use to overrule a legal precedent that we have established.[124]

The State argues that Appeals Commission decisions must be given precedential weight in order to achieve the legislature's goal of increasing efficiency and consistency in processing workers' compensation claims. There is little legislative history about the precedential nature of Appeals Commission decisions. The director of the Division of Workers' Compensation testified that the Appeals Commission would increase the

**114.** See Thomas v. Anchorage Equal Rights Comm'n, 102 P.3d 937, 943 (Alaska 2004) (discussing circumstances when prior decisions will be overruled).

**115.** Smith v. CSK Auto, Inc., 132 P.3d 818, 820 (Alaska 2006); Wilson v. Municipality of Anchorage, 977 P.2d 713, 726 (Alaska 1999).

**116.** State, Child Support Enforcement Div. v. Bromley, 987 P.2d 183, 192 (Alaska 1999) (internal quotations and citations omitted).

**117.** 20 Am.Jur. 2nd Courts § 130 (2005).

**118.** Hohn v. United States, 524 U.S. 236, 251, 118 S.Ct. 1969, 141 L.Ed.2d 242 (1998).

**119.** Pratt & Whitney Can., Inc. v. Sheehan, 852 P.2d 1173, 1175 (Alaska 1993) (quoting Planned Parenthood v. Casey, 505 U.S. 833, 854, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992)).

**120.** Corby v. McCarthy, 154 Md.App. 446, 840 A.2d 188, 207 (2003); see also In re G.K., 497

P.2d 914, 917 n. 14 (Alaska 1972) (noting that the force of stare decisis is less when there has not been a change in position in reliance on challenged decision).

**121.** Sheehan, 852 P.2d at 1175–76 n. 4 (quoting Moragne v. States Marine Lines, Inc., 398 U.S. 375, 403, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970)).

**122.** Robertson v. Am. Mech., Inc., 54 P.3d 777, 779–80 (Alaska 2002) (citing McKean v. Municipality of Anchorage, 783 P.2d 1169, 1171 (Alaska 1989)).

**123.** Matanuska Elec. Ass'n v. Chugach Elec. Ass'n, Inc., 152 P.3d 460, 468 (Alaska 2007); see Jeffries v. Glacier State Tel. Co., 604 P.2d 4, 8–9 (Alaska 1979).

**124.** Compare DeNuptiis, 63 P.3d at 277–78 (agency interpretation not reasonable), with State v. Coon, 974 P.2d 386, 394 (Alaska 1999) (overruling Frye standard for admission of scientific evidence).

speed, efficiency, and predictability of appeals because superior court judges are not experienced in workers' compensation law and because "[t]heir decisions do not establish binding legal precedent." [125]

Before the creation of the Appeals Commission, the Board was a party to any workers' compensation case filed in the superior court.[126] The Board could elect not to participate in an appeal, but its election not to participate would not affect whether it was bound by a decision on appeal.[127] The potential difficulty for the Board was that one superior court decision did not, and does not, bind other superior courts.[128] As a result, the Board could be left with conflicting legal guidance, which would make it difficult to provide consistent and fair adjudication of workers' compensation claims. Creation of the Appeals Commission resolves this issue.

[54] Both the Appeals Commission and the Board have jurisdiction in workers' compensation cases, but without direction from the legislature, the inter-agency precedential value of Appeals Commission decisions would not have been apparent. Furthermore, the process for administrative review of Board decisions differs in one significant way from past practice: the Board is not automatically a party to an Appeals Commission proceeding.[129] If the Board is not a party to an appeal to the Appeals Commission, the Board would not be bound by an Appeals Commission decision under principles of either res judicata or collateral estoppel, unless it chose to intervene in every case that came before the Appeals Commission.[130] The provision that decisions of the Appeals Commission

have precedential effect clarifies that its decisions are binding on the Board even when the Board does not intervene in an appeal. In other words, the statute gives vertical stare decisis effect to Appeals Commission decisions. The statute also makes plain that different panels of the Appeals Commission must follow prior decisions of the Appeals Commission; it gives horizontal stare decisis effect to the decisions as well. The statutory provision that Appeals Commission decisions have precedential effect, if construed as applying only to the Board and the Appeals Commission, furthers the goal of achieving consistency in workers' compensation cases.

■■■ The statutory provision that Appeals Commission decisions have the force of legal precedent unless reversed by this court could encroach on the power of the judiciary to be the final interpreter of the law. Because statutes should be construed to avoid the risk of unconstitutionality,[131] we construe the provision that decisions of the Appeals Commission have the force of legal precedent as meaning that they serve as legal precedent for the Board and the Appeals Commission only. This construction does not detract from the legislation's goals and clarifies the relationships between the Board and the Appeals Commission. It is also consistent with current administrative law principles.

### E. This Court Can Order a Trial de Novo if Necessary.

■■■ AKPIRG asserts that trial de novo is an important right that was removed when the legislature took jurisdiction to hear workers' compensation appeals from the superior

---

125. Hearing on S.B. 130 Before the S. Labor & Commerce Comm., March 10, 24th Leg. (Alaska 2005) (Testimony of Paul Lisankie).

126. AS 44.62.560(a); Alaska R.App. P. 602(h); *Crawford & Co. v. Baker–Withrow*, 81 P.3d 982, 985–86 (Alaska 2003).

127. Alaska R.App. P. 602(h).

128. Counsel for AKPIRG acknowledged at oral argument that conflicting superior court decisions were a theoretical possibility, although he denied that the Board had ever been faced with such a conflict.

129. AS 23.30.127(a) permits the director of the Division of Workers' Compensation to intervene

in an appeal. Appeals Commission regulations set out the process for the director to intervene. 8 AAC 57.030 (2007).

130. Res judicata and collateral estoppel only bind the parties to the prior litigation and their privies. *Tolstrup v. Miller*, 726 P.2d 1304, 1307 (Alaska 1986); *Holmberg v. State, Div. of Risk Mgmt.*, 796 P.2d 823, 829 (Alaska 1990) (holding that collateral estoppel did not apply due to the lack of privity between the State and the Public Employees Retirement System).

131. *State v. Native Vill. of Nunapitchuk*, 156 P.3d 389, 405 (Alaska 2007).

court. The Appeals Commission does not have the authority to provide a trial de novo, but it can remand to the Board matters that it determines were "improperly, incompletely, or otherwise insufficiently developed." [132] Before the enactment of chapter 10, FSSLA 2005, workers' compensation claims were appealed under the Administrative Procedure Act (APA), which permits the superior court to conduct a trial de novo.[133] Trial de novo is discretionary in the APA as well as the Rules of Appellate Procedure.[134]

 To the extent that trial de novo is a statutory right, the legislature can amend the statute to remove that procedural right.[135] To the extent that trial de novo is necessary as a constitutional matter, however, the legislature cannot deprive the courts of jurisdiction to hold a trial de novo.[136] Although we have held that there is no general constitutional right to a trial de novo,[137] we have recognized that in some cases, trial de novo may be constitutionally required. We previously stated, "[W]here a statute establishes a right to a trial de novo, that right must be recognized under Appellate Rule 45. We believe that a similar right to trial de novo is created if an administrative adjudicative procedure does not afford due process." [138] The only circumstance when a trial de novo is constitutionally required is when administrative agency procedures are so lacking as to deny due process to litigants.[139] If the process provided by agency regulations conforms to due process, but the agency has not adhered to the required process in

a particular case, the remedy is not a trial de novo but a remand to the agency.[140]

Before the creation of the Appeals Commission, the superior court could first, in its role as an appellate court reviewing a Board decision, determine if the process afforded litigants was so suspect as to be out of compliance with due process. If it made that determination in its appellate capacity, it could then hold a trial de novo as part of its constitutional role as the trial court of general jurisdiction. We agree with the State that we have the authority to order a trial de novo as part of our inherent powers as an appellate court in accordance with the Rules of Appellate Procedure. We decided in *State v. Lundgren Pacific Construction Co.* that the superior court had the authority to order a trial de novo pursuant to its inherent authority. We stated, "The superior court has sufficient authority to order a trial de novo under Appellate Rule 45(j) which confers upon the superior court 'power to make such orders as are necessary and proper to aid its appellate jurisdiction.' " [141] Appellate Rule 520(c) provides that this court may "require such further proceedings to be had as may be just under the circumstances." [142]

 As the only court with jurisdiction to review Appeals Commission decisions, we have the authority to decide whether workers' compensation procedures in a case are so deficient as to deprive litigants of due process.[143] If they are and litigants are constitutionally entitled to a trial de novo, their cases can be assigned to the superior court

---

**132.** AS 23.30.128(d).

**133.** AS 44.62.330(a)(13); AS 44.62.570(d). Before the creation of the Appeals Commission, the Alaska Workers' Compensation Act had no express provision related to judicial review of Board decisions.

**134.** AS 44.62.570(d); Alaska R.App. P. 609(b).

**135.** *Manthey v. Collier,* 367 P.2d 884, 887 (Alaska 1962).

**136.** *See K & L Distribs., Inc. v. Murkowski,* 486 P.2d 351, 354–55 (Alaska 1971).

**137.** *Keiner v. City of Anchorage,* 378 P.2d 406, 409 (Alaska 1963).

**138.** *State v. Lundgren Pac. Constr. Co.,* 603 P.2d 889, 895 (Alaska 1979). Appellate Rule 45 at that time governed appeals to the superior court from administrative agencies. *Id.* at 890 n. 3.

**139.** *Id.* at 896.

**140.** *Id.*

**141.** *Id.* at 894 n. 9.

**142.** Alaska R.App. P. 520(c).

**143.** Nothing in the amendments to the Workers' Compensation Act divested the superior court of jurisdiction to hear declaratory judgment cases related to constitutional deficiencies in workers' compensation procedures or regulations.

as the constitutional trial court of general jurisdiction.

### F. Establishment of the Appeals Commission Is Substantive Law.

AKPIRG argues that because chapter 10, FSSLA 2005 failed to amend the appellate rules that provide for appeals in administrative proceedings, the court rules providing for an appeal to the superior court remain in effect. It bases its argument on the constitutional provision that changes to court rules must be enacted by a two-thirds vote of each house of the legislature.[144] It also argues that because article IV, section 1 of the Alaska Constitution says that the jurisdiction of the courts shall be prescribed by law, the legislature cannot prohibit the exercise of appellate jurisdiction in administrative cases. "Prescribe" is defined as "to establish rules, laws, or directions."[145] Establishing a rule that the superior court does not have intermediate appellate jurisdiction to hear workers' compensation cases prescribes the jurisdiction of the superior court as much as granting the superior court jurisdiction to hear them. The legislature could permissibly remove the superior court's appellate jurisdiction in workers' compensation cases.

 We have previously stated that the question whether article IV, section 15 of the Alaska Constitution applies to the passage of legislation depends on whether the subject matter of the statute at issue is substantive or procedural; only changes in procedural law require a super-majority for passage.[146] Substantive law "creates, defines and regulates rights, while procedural law prescribes the method of enforcing the rights."[147] With the enactment of chapter 10, FSSLA 2005, the legislature took subject matter jurisdiction to hear workers' compensation appeals from the superior court. We recently held that subject matter jurisdiction is "the legal authority of a court to hear and decide a particular kind of case"[148] and noted that the legislature could properly authorize the superior court and a quasi-judicial agency to hear particular classes of cases.[149] The removal of subject matter jurisdiction to hear appeals in workers' compensation cases from the superior court is substantive because it is directly related to the legislature's constitutional authority to prescribe the jurisdiction of the courts.[150] The legislation was properly enacted.

## IV. CONCLUSION

 The legislature acted within its constitutional authority when it created the Workers' Compensation Appeals Commission. The Appeals Commission is a properly established quasi-judicial agency within the meaning of the Alaska Constitution. Its decisions are subject to judicial review, and it has jurisdiction only in workers' compensation cases. If procedures before the Appeals Commission or the Alaska Workers' Compensation Board were to be so deficient as to deny due process to litigants, this court has the inherent authority to order trials de novo in the superior court. Decisions of the Appeals Commission can constitutionally serve as precedent only for the Appeals Commission itself and the Alaska Workers' Compensation Board. With the limiting construction we have given, we determine that the legislation creating the Appeals Commission does not violate the separation of powers doctrine. The judgment of the superior court is AFFIRMED.

---

144. Alaska Const. art. IV, § 15.

145. Webster's II New College Dictionary 894 (3rd ed. 2005).

146. *Channel Flying, Inc. v. Bernhardt*, 451 P.2d 570, 575–76 (Alaska 1969).

147. *Ware v. City of Anchorage*, 439 P.2d 793, 794 (Alaska 1968).

148. *Nw. Med. Imaging, Inc. v. State, Dep't of Revenue*, 151 P.3d 434, 438 (Alaska 2006) (internal quotations and citations omitted).

149. *Id.*

150. *See Native Vill. of Nunapitchuk*, 156 P.3d at 404 (stating that a doctrine of substantive law is related to matters of public policy within the sphere of elected representatives).